IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00936L<br>Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT MOTION FOR TEMPORARY STAY OF LITIGATION AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a temporary stay of the litigation of this case, effective immediately, to and including June 27, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the Eastern District of Oklahoma, United Keetowah Band of Cherokee Indians v. Kempthorne, No. 06-cv-00559-RAW (E.D. Okla.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint in this case is currently February 27, 2007.

3. On February 15, 2007, Plaintiff's counsel, James C. McMillin, conferred with Defendant's counsel, Anthony P. Hoang, about Plaintiff's two cases, and, among other things, they discussed and agreed that (a) they would explore settlement discussions to resolve the issues and

claims asserted by Plaintiff in its two cases; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek a temporary stay of litigation, to and including June 27, 2007. Counsel for the parties agreed that, during the requested stay of litigation, they would confer, among other things, about developing and implementing a joint, cooperative process or framework for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settling this case, as well as the companion case, United Keetowah Band, No. 06-cv-00559-RAW.

4. Also, counsel for the parties discussed the fact that, by Defendant's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] See Exhibit (Exh.) 1.

5. Further, counsel for the parties agreed that, given the number of cases and the significant potential for overburdening already limited resources, it would be sensible for the Tribes in litigation (including Plaintiff) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible.

---

1/ There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1.

2/ There are currently 37 Tribal trust cases the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

3/ There are currently nine Tribal trust cases, including Plaintiff's companion case, in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits (like Plaintiff) have also filed companion cases in the Court of Federal Claims. Id.

7. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the Interior Department and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff in this case and in its companion case, United Keetowah Band, No. 06-cv-00559-RAW), and with counsel for the Tribes in the cases (including Plaintiff's counsel), to determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

8. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including June 27, 2007;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time and obligation for Defendant to file its Answer or otherwise respond to the Complaint, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before June 27, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case (if any) and of Plaintiff's companion case, United Keetowah Band, No. 06-cv-00559-RAW, and making a proposal to the Court about whether and how to proceed with this case; and

d. Direct that, in the event that the parties seek to reinstate and proceed with the litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Defendant of its Answer or response to the Complaint and the filing of the parties' Joint Preliminary Status Report (JPSR)

pursuant to RCFC Appendix A, ¶ 4.

9. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 22nd day of February, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde for*
*s/ James C. McMillin*
JAMES C. McMILLIN
McAfee & Taft, P.C.
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102
Tel: (405) 235-9621
Fax: (405) 235-0439

Attorney of Record for Plaintiff

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division

P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227