**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-936 L** |
| | ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PARTIES' JOINT MOTION FOR**
**EXTENSION OF TEMPORARY STAY OF LITIGATION**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion for extension of the temporary stay of litigation, to, and including, February 21, 2008. The grounds for the joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States Court for the Eastern District of Oklahoma, United Keetowah Band of Cherokee Indians v. Kempthorne, No. 06-cv-00559-RAW (E.D. Okla.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under the Court's order dated July 5, 2007, the litigation of this case is temporarily stayed until December 14, 2007.

3. Since the filing of this case and the companion case in the U.S. District Court for the Eastern District of Oklahoma, Plaintiff's counsel, James McMillin, and Defendant's counsel have discussed and agreed that they would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendant's calculation, there are presently about 101 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant in this Court;[1] in the United States District Courts in Oklahoma;[2] and in the United States District Court for the District of Columbia.[3] Doc. #6, Exh. 1.

5. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the U.S. District Court companion case, without the need for protracted litigation, if possible. Accordingly, the parties' counsel have agreed that the parties should seek to stay the litigation of this case and formulate and execute an appropriate, amicable, and mutually satisfactory alternative resolution of Plaintiff's issues and claims.

---

[1] Given that, upon unopposed motion by the plaintiff, the CFC dismissed, without prejudice, Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH, on May 22, 2007, there are now 55 cases in the CFC. See Doc. #6, Exhibit (Exh.) 1.

[2] There are currently nine cases in the United States District Courts in Oklahoma. Id.

[3] There are currently 37 cases pending in the United States District Court for the District of Columbia.

6. To that end, the parties' counsel are preparing to confer and establish an informal settlement discussion process between Plaintiff, its counsel, and its officials; and Defendant, its counsel, and the appropriate officials and/or staffers from the United States Department of the Interior and the United States Department of the Treasury (i.e., the principally affected federal agencies in this case).

7. The parties have made progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require time to complete their discussions; continue their informal document production process; and establish and implement an informal settlement discussion process.

8. In addition, Plaintiff's claims may well be affected by developments in another pending action involving the same parties - - that is, United Keetoowah Band of Cherokee Indians of Oklahoma v. United States, No. 03-1433 L (the "Arkansas Riverbed Case").

9. The Department of Interior has requested additional time (to February 14, 2008) to negotiate a possible resolution of Case No. 03-1433 L;

10. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to, and including, December 14, 2007;

b. Continue the deferral of, among other things: (i) the obligation for Defendant to file its Answer or otherwise respond to the Complaint ; and (2) the obligation of the parties to comply with the requirements of RCFC Appendix A, until the termination of the temporary stay.

c. Order that the parties file a joint status report on or before February 21, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal – by motion, if appropriate – to the Court about whether and how to proceed with this case.

11. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's U.S. District Court companion case, without the need for extended litigation. Additionally, the denial of this joint motion would not support or advance Defendant's ability to address and possibly handle the other Tribal trust case accounting and trust mismanagement cases that have been filed in this Court and in United States District Courts, in a similar, non-litigation-oriented manner.

WHEREFORE, the parties respectfully request that this joint motion be GRANTED.

Plaintiff's counsel has authorized Defendant's counsel to sign this document on his behalf.

Respectfully submitted this 7th day of December, 2007.

RONALD J. TENPAS
Acting Assistant Attorney General

s/ James M. Upton
JAMES M. UPTON
U.S. Department of Justice
Environment & Natural Resources Division

P.O. Box 663
Washington, D.C.
Telephone: (202) 305-0482
Facsimile: (202) 353-2021
e-mail:james.upton@usdoj.gov

Attorney of Record for Defendant

*s/James C. McMillin*
JAMES C. MCMILLIN
McAfee & Taft
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile:(405) 235-0439
E-mail: JMcMillin@mcafeetaft.com

Attorney of Record for Plaintiff

OF COUNSEL:

ANTHONY P. HOANG
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0241
Facsimile: (202) 353-2021

ELIZABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227