**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,** ) | |
| **Plaintiff,** ) | **No. 06-936 L** |
| **v.** ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES,** ) | |
| **Defendant.** ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's May 2, 2008 Order, the parties submit the following Joint Status Report:

1. Paragraph No. 2 of the court's Order of May 2 directed the parties to submit a Joint Status Report by July 2, 2008, which, in part, was designed to inform the court about the "parties' progress toward resolving the issues in this case;"

2. In their February 21, 2008 Joint Motion for Extension of Temporary Stay of Litigation, the parties stressed that Plaintiff's claims herein "may well be affected by developments . . . " in United Keetoowah Band of Cherokee Indians of Oklahoma v. United States, No. 03-1433 L (the " 'Arkansas Riverbed Case' "),which is before Judge Nancy Firestone. The close relationship between this case and the Arkansas Riverbed Case continues;

3. In their February 21, 2008 Joint Motion, the parties emphasized that the parties were engaged in intensive informal discovery directed at threshold issues in that case and the parties continue to do so;

4. On May 2, 2008, Judge Firestone issued an Order setting a schedule for the parties to: (a) finish analyzing the documents which have been collected and exchanged with respect to the threshold issue of whether the United Keetoowah Band is "a successor-in-interest" to the historic Cherokee Nation; and (b) to file dispositive motions addressed to this issue with all briefing to be concluded by November 17, 2008 (Dkt #106);

5. The parties to Case No. 03-1433 L have been, and are, heavily involved in reviewing/ examining the more than 19,000 documents which have been collected/exchanged by the parties;

6. If Judge Firestone eventually rules that the UKB is <u>not</u> "a successor-in-interest" to the historic Cherokee Nation, then the scope of Case No. 06-935 L might well be greatly reduced, because the underlying premise of the instant case is that the UKB is "a successor-in-interest" to the historic Cherokee Nation;

7. The first justification for an extension of the existing stay is that the Court has ordered Defendant to file its motion to dismiss for lack of subject matter jurisdiction based upon the operation of 28 U.S.C. § 1500 by July 18, 2008. If the court decides to grant the government's motion, then this case must be dismissed for lack of subject matter jurisdiction. Accordingly, the stay in this case should be extended to such time as the court rules upon the Defendant's motion to dismiss;

8. In the event that the Court denies the Defendant's Motion to Dismiss, the parties request that the present stay be extended to such time as Judge Firestone has formally ruled upon the "a successor-in-interest" issue, because a ruling that the UKB is not "a successor-in-interest" to the historic Cherokee Nation would necessarily result in a major reduction in the scope of the

claims in Case No. 06-936 L;

9. Two tribal trust cases have very recently been dismissed based upon 28 U.S.C. § 1500 - - Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-917 L, slip op. (Fed. Cl. June 23, 2008); and Passamaquoddy Tribe v. United States, No. 06-942 L, slip op. (Fed. Cl. June 19, 2008). Prior to the above decisions, there were two other significant decisions on Section 1500 motions in tribal trust cases. See Ak-Chin Indian Cmty. v. United States, 80 Fed. Cl. 305 (Fed. Cl. 2008); and Tohono O' Odham Nation v. United States, 79 Fed. Cl. 645 (Fed. Cl. 2007);

10. The extension of the existing stay will promote judicial economy and preserve the parties' limited resources. It will not cause any prejudice to the rights or interests of the parties.

Plaintiff's counsel has authorized the Defendant's counsel to sign this document on his behalf.

This is the fourth request for an enlargement of the stay of litigation in this case.

Dated this 2nd day of July, 2008.

Respectfully submitted,

*s/James C. McMillin*

JAMES C. McMILLIN
TAMARA S. PULLIN
McAfee & Taft
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, oklahoma 73102-7103
Ph: (405) 235-9621
Fax:(405) 235-0439

Attorneys for Plaintiff

*s/ James M. Upton*
JAMES M. UPTON
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Ph: (202) 305-0482
Fax: (2020 353-2021
E-mail: james.upton@usdoj.gov

Attorney for Defendant