IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, | ) | |
| Plaintiff, | ) | No. 06-936 L |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1500**

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), Defendant moves to dismiss this lawsuit for lack of subject matter jurisdiction under 28 U.S.C. § 1500. The grounds for this motion are set forth in the attached brief.

Respectfully submitted this 18th day of July, 2008.

RONALD J. TENPAS
Assistant Attorney General

JAMES M. UPTON
United States Department of Justice
Environment Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0482
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice

Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0203
Fax: (202) 353-2021

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**FACTUAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**I. Applicable Legal Standards.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**II. Plaintiff's District Court Case was "Pending" When Plaintiff Filed This Case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**A. Because the District Court Complaint Was Filed on the Same Day as this Complaint, § 1500 Deems the District Court Complaint to Be Simultaneously-Filed and, Thus, Pending.** . . . . . . . . . . . . . . . . . . . . . . 8

*1. Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

2. *The plain language of § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time Plaintiff filed the CFC Complaint.* . . . . . . . . . 14

3. *A broad interpretation of the Tecon exception to include same-day filings would eviscerate the purpose of §1500.* . . . . . . . . . . . . . . . 16

**B. Even if Tecon Applies to Two Complaints Filed Simultaneously, Plaintiff Has not Carried its Burden to Establish Jurisdiction.** . . . . . . . . . . . . . . . . 20

**III. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**IV. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**A. Both Complaints Indicate That Plaintiff Seeks an Accounting** . . . . . . . . 26

**B. Both Complaints Indicate That Plaintiff Seeks Monetary Relief** . . . . . . 28

V. **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**ATTACHMENTS**

Exhibit No. 1- Complaint filed in district court (E.D. Okla.)
Exhibit No. 2- Order of June 19, 2008 transferring district court case to District of Columbia
Exhibit No. 3- Complaint filed in CFC
Exhibit No. 4- Brief of Respondent (the United States) in *Keene Corp.*

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ak-Chin Indian Community v. United States*,
80 Fed. Cl. 305 (2008) . . . . . . . . . . *passim*

*Breneman v. United States*,
57 Fed. Cl. 571 (2003) . . . . . . . . . . 13, 16

*British American Tobacco Co. v. United States*,
89 Ct. Cl. 438 (1939), *cert. denied*, 310 U.S. 627 (1940) . . . . . . . . . . 14, 15

*Cardinal Chem. Co. v. Morton Int'l*,
508 U.S. 83 (1993) . . . . . . . . . . 11

*Christopher Village, L.P. v. United States*,
360 F.3d 1319 (Fed. Cir. 2004) . . . . . . . . . . 28

*Corona Coal Co. v. United States*,
263 U.S. 537 (1924) . . . . . . . . . . 9

*Eastern Shawnee Tribe of Oklahoma v. United States*,
2008 WL 2554943* 1 (Fed.Cl. June 23, 2008) . . . . . . . . . . *passim*

*Gaubert v. United States*,
28 Fed.Cl. 597 (1993) . . . . . . . . . . 20

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56 (1982) . . . . . . . . . . 11

*Harbuck v. United States*,
378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . *passim*

*Hardwick Brothers Co. II v. United States*,
72 F.3d 883 (Fed. Cir. 1995) . . . . . . . . . . 12, 18

*Hill v. United States*,
8 Cl. Ct. 382 (1985) . . . . . . . . . . 13, 16

*Hobbs v. United States*,
168 Ct. Cl. 646 (1964) . . . . . . . . . . 15

*In re Markowitz*,
190 F.3d 455 (6th Cir. 1999) . . . . . . . . . . 11

*Johns-Manville Corp. v. United States*,
855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . 21, 22, 29

*Keene Corp. v. United States*,
508 U.S. 200 (1992) . . . . . . . . . . *passim*

*Klamath & Modoc Tribes v. United States*,
174 Ct. Cl. 483 (1966) . . . . . . . . . . 27

*Lemon v. Kurtzman*,
403 U.S. 602 (1971) . . . . . . . . . . 21

*Loveladies Harbor, Inc. v. United States*,
27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . *passim*

*Nat'l* Cored Forgings Co. v. United States,
132 Ct. Cl. 11, 132 F. Supp. 454 (Ct. Cl. 1955) . . . . . . . . . . 14, 15

*Nat'l Union Fire Ins. Co. v. United States*,
19 Cl. Ct. 188 (1989) . . . . . . . . . . 13, 16

*Northrop Corp. v. United States*,
27 Fed. Cl. 795 (1993) . . . . . . . . . . 29

*Pa. R.R. Co. v. United States*,
363 U.S. 202 (1960) . . . . . . . . . . 29

*Passamaquoddy Tribe v. United States*,
2008 U.S. Claims Lexis 147*2 (Fed. Cl. June 19, 2008) . . . . . . . . . . *passim*

*Preiser v. Newkirk*,
422 U.S. 395 (1975) . . . . . . . . . . 11

*Pueblo of Laguna v. United States*,
60 Fed. Cl. 133 (Fed. Cl. 2004). . . . . . . . . . . 28

*Reynolds v. Army & Air Force Exch. Serv.*,
846 F.2d 746 (Fed. Cir. 1998) . . . . . . . . . . 3, 6, 20

*Salt River Pima-Maricopa Indian Community v. United States*,
2008 WL 1883170, *1 (Fed. Cl. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16, 19

*Snyder v. United States*,
63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tecon Eng'rs, Inc. v. United States*,
170 Ct. Cl. 389, 343 F.2d 943 (1965), *cert. denied,* 382 U.S. 976 (1966) . . . . . . . *passim*

*Thorn v. IBM*,
101 F.3d 70 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Tohono O'odham v. United States*,
79 Fed. Cl. 645 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Toxgon Corp. v. BNFL, Inc.*,
312 F. 3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Brown*,
333 U.S. 18 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. County of Cook, Ill.*,
170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*UNR Indus., Inc. v. United States*,
911 F.2d 654 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*UNR Indus. v. United States*,
962 F. 2d 1013(Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Yoder v. Honeywell, Inc.*,
104 F.3d 1215 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**FEDERAL STATUTES**

28 U.S.C. § 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 17

28 U.S.C. § 1446(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**FEDERAL RULES**

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

81 Cong. Globe 40th Cong., 2d Sess. 2769 (1868) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Henry C. Black, *Black's Law Dictionary* (6th ed. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

David Schwartz, Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents, 55 Geo.L.J. 578, 597 (1967) . . . . . . . . . . . . . . . . . . . . 17

*Webster's Third New International Dictionary 1934* (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | **No. 06-936 L** |
| **v.** | ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1500**

**INTRODUCTION**

On December 29, 2006, Plaintiff filed cases in the United States District Court for the Eastern District of Oklahoma (*see* Complaint, *United Keetoowah Band of Indians in Oklahoma v. Kempthorne*, *et al.*, No. 06-CV-559-RAW) (E.D. Okla. 2006), Dkt. 1) and in this Court (*see* Complaint, *United Keetoowah Band of Cherokee Indians of Oklahoma v. United States,* No. 06-936 L (Fed. Cl. 2006), Dkt. 1). Given Plaintiff's two cases, 28 U.S.C. § 1500 divests this Court of jurisdiction over Plaintiff's claims, if Plaintiff fails to disprove the following elements of a viable Section 1500 defense: (1) a district court case is "pending"; (2) the two Complaints allege the same operative facts; and (3) Plaintiff seeks the same relief in both courts. *Eastern Shawnee Tribe of Oklahoma v. United States*, 2008 U.S. Claims Lexis 180, 2008 WL 2554943*1 (Fed.Cl. June 23, 2008), citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed. Cir. 1994). In other words, under Section 1500, Plaintiff bears the burden of establishing that this Court has jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998), and it

has failed to carry that burden in this case.

On May 27, 2008, Plaintiff moved to transfer its companion case from the United States District Court for the Eastern District of Oklahoma to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a). Defendants opposed the transfer motion. On June 19, 2008, the District Court for the Eastern District of Oklahoma granted Plaintiff's motion, and, on June 24, the action was transferred to the District Court for the District of Columbia.

The transfer of Plaintiff's companion case in the United States District Court does not preclude the applicability of § 1500 in this case. Notwithstanding the transfer, Plaintiff's claims in the District Court are deemed to have been filed as of December 29, 2006, the date on which they were originally filed in the Eastern District of Oklahoma. *See Passamaquoddy Tribe v. United States*, 2008 U.S. Claims Lexis 174*2 (Fed. Cl. June 19, 2008). In other words, Plaintiff's District Court claims are "pending" within the meaning of Section 1500.

As explained in detail below, this case is jurisdictionally defective. Because Plaintiff filed this case and its companion case in the United States District Court on the same day, this Court should consider Plaintiff's District Court case to be "pending" for purposes of § 1500, and, on that basis, it should dismiss this case for lack of jurisdiction. Assuming *arguendo* the Court were to decide that the precise time (as opposed to merely the date) of filing mattered, however, Plaintiff has failed to prove that it filed its complaint in this Court first, as it must, in order to establish this Court's jurisdiction.[1]

---

[1] On June 11, 2008, Defendant propounded limited discovery on Plaintiff so as to shed light on the specific timing of its filing of the complaints in the two cases.

As for the second and third prongs under § 1500 analysis, the claims against Defendant[2] in this case and in Plaintiff's District Court case arise out of the same operative facts, and, in both cases, Plaintiff seeks overlapping relief in the form of an accounting and monetary damages. Specifically, Plaintiff seeks relief related to Defendant's management and administration of Plaintiff's trust funds and property (collectively, "trust assets").

Because all three prongs of § 1500 are satisfied, Plaintiff has not carried its burden to establish jurisdiction, and, therefore, this Court lacks subject matter jurisdiction to consider Plaintiff's claims.

## FACTUAL BACKGROUND

On December 29, 2006, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Oklahoma against the Secretary of the Interior, the Secretary of the Treasury, and the United States (collectively, Defendant). *See* copy of Complaint attached as Exhibit No. 1. On the face of this Complaint, Plaintiff seeks a declaratory judgment that Defendant owes Plaintiff the "fiduciary obligations of a trustee at common law;"including the duty to account for the monies, lands, and other trust assets held in trust by Defendant for Plaintiff's benefit; and that Defendant has failed to fulfill its common law duties of trustee. Complaint ¶¶ 16-22. In addition, Plaintiff seeks issuance of an injunction compelling Defendant to fulfill its trust responsibilities to Plaintiff, including an historical accounting of Plaintiff's trust assets. Complaint ¶¶ 23-26.

---

[2] Defendant notes that Plaintiff has named Dirk Kempthorne, James Cason, and Henry Paulson as defendants herein. 28 U.S.C. § 1500 applies equally to lawsuits against agencies and officers of the United States, as well as lawsuits against the United States itself. *See UNR Indus., Inc. v. United States*, 911 F.2d 654, 660-61 (Fed. Cir. 1990) *overruled on other grounds by UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992) (*en banc*) ("*UNR*"). For that reason, § 1500 applies to the named defendants as well.

On June 19, 2008, the United States District Court for the Eastern District of Oklahoma transferred Plaintiff's case (pursuant to Plaintiff's motion to transfer filed under 28 U.S.C. § 1404(a)) to the District Court for the District of Columbia. *See* copy of Order appended hereto as Exhibit No. 2. On June 24, 2008, the Complaint was filed in the District Court in D.C. Order of June 24, 2008. Dkt. #41.

Plaintiff filed a similar Complaint against Defendant in this Court (also referred to herein as "CFC") on December 29, 2006. *See* Dkt. 1 (Complaint also attached hereto as Exhibit No. 3). On the face of the Complaint in this case, Plaintiff seeks, among other things, monetary damages for Defendant's breach of its fiduciary duties to Plaintiff, including the duty to provide regular accountings of the tribal monies, lands, and other assets held in trust by the United States and the "duty to safely invest the tribal funds for the benefit of the Keetoowah Cherokees." CFC Complaint ¶¶ 13, 14 and 22; ¶1 of *Prayer for Relief.*

Most of the allegations in the Complaints in this case and Plaintiff's District Court case are verbatim the same. More importantly, the two Complaints establish an overlap in the relief sought and are based upon the same operative facts.

## ARGUMENT

### I. Applicable Legal Standards

Determining whether this Court has subject-matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F. 3d 1379, 1381 (Fed. Cir. 2002). Plaintiff has the burden of establishing that this Court has subject matter jurisdiction to consider Plaintiff's claims. *Eastern Shawnee Tribe of Oklahoma v. United States*, 2008 WL 2554943*3 ( Fed.Cl. June 23, 2008), citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998).

Section 1500 (28 U.S.C.§ 1500) provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee *has pending* in any other court any suit or process against the United States, or any person who, at the time when the cause of action alleged in such suit arose, was, in respect thereto, acting, or professing to act, directly or indirectly under the authority of the United States.

(Emphasis added.) Congress enacted this provision to "force plaintiffs to choose between pursuing their claims in the Court of Claims [now the Court of Federal Claims] or in another court" and to prevent Defendant from having to litigate and defend against the same claims in both courts. *UNR Indus. v. United States*, 962 F. 2d 1013, 1018, and 1021 (Fed. Cir. 1992); *see also Passamaquoddy Tribe,* 2008 U.S. Claims Lexis 174* 14-52 (Fed. Cl. June 19, 2008) for the historical background of § 1500.

As noted above, § 1500 divests this Court of jurisdiction over Plaintiff's claims if Plaintiff fails to disprove the requisite elements of a viable Section 1500 defense: (1) a District Court case is "pending"; (2) the two complaints allege the same operative facts; and (3) Plaintiff seeks "overlapping" relief in the two courts. See *Eastern Shawnee*, supra, at 5-10, citing *Keene Corp. v. United States*, 508 U.S. 200, 209 (1992); and *Loveladies Harbor, Inc. v. United States*, 27 F. 3d 1545 (Fed. Cir. 1994) (en banc), among other decisions. If this Court rules that it lacks jurisdiction under § 1500, it has to dismiss this case. *See, e.g., Passamaquoddy_Tribe*, supra; and *Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to RCFC 12(b)(1) for lack of jurisdiction under Section 1500).

## II. Plaintiff's District Court Case Was "Pending" When Plaintiff Filed This Case.

Plaintiff filed both Complaints on the same day. Most of the allegations in the two Complaints are verbatim the same. The relevant claims in both cases arise out of the same operative

facts and, in both cases, Plaintiff seeks overlapping relief against Defendant in the form of a "full and complete" accounting and related monetary compensation. Because Plaintiff filed the two Complaints on the same day, the case in the United States District Court should be deemed "pending" for purposes of § 1500, and this case should be dismissed.

**A. Because the District Court Complaint Was Filed on the Same Day as this Complaint, § 1500 Deems the District Court Complaint to Be Simultaneously Filed and, Thus, Pending.**

Congress intended § 1500 to protect the United States from litigating the same claim in two courts, so it would seem extraordinary for a plaintiff to frustrate Congress' intent merely by filing the District Court case hours, minutes, or even seconds, after the CFC Complaint was filed. Certainly, the plain language of § 1500 suggests nothing of that sort. Nevertheless, the Federal Circuit's jurisprudential turns have complicated the "pending claim" issue. *See Passamaquoddy Tribe,* 2008 U.S. Claims Lexis 174, *14-52 (describing the landmark precedents applying § 1500). As explained below, however, applicable precedents, § 1500's plain language, and § 1500's purpose indicate that complaints filed in this Court the same day are simultaneously filed and pending for purposes of § 1500.

*1. Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court.*

The straightforward, plain language of § 1500 divests this Court of jurisdiction whenever a plaintiff attempts to maintain overlapping claims in this and another court—regardless of whether the plaintiff filed its complaint in the other court before, simultaneously, or after it filed its complaint in this Court. Indeed, the Court of Claims and the Supreme Court interpreted § 1500 in that very fashion by initially holding that § 1500 applied, regardless of the order in which the plaintiff filed

the complaints. *UNR*, 962 F.2d 1013, 1019 (Fed. Cir. 1992) (discussing the evolution of § 1500 jurisprudence); *see also Corona Coal Co. v. United States*, 263 U.S. 537, 540 (1924) (holding that the "words of [the prior version of § 1500] are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases.").

In *Tecon Eng'rs, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943 (1965) (*Tecon*), *cert. denied*, 382 U.S. 976 (1966), the Court of Claims created an exception to the plain language by holding that § 1500 would not divest its jurisdiction when a plaintiff filed a complaint in another court because that complaint was not "pending." *Id.* at 399. In *Tecon*, the plaintiff intentionally sought to divest the Court of Claims of jurisdiction (1) by filing its complaint in District Court after two years and extensive pretrial proceedings in the Court of Claims and (2) by subsequently moving to dismiss its own complaint in the Court of Claims under § 1500. The Court of Claims rejected that attempt by holding that subsequently-filed District Court complaints did not divest it of jurisdiction. *Id.* at 401-402. In creating this limited exception, the *Tecon* court explicitly distinguished its holding from situations in which complaints were simultaneously filed. *Id.* at 400-01. It acknowledged that § 1500 applied to those "simultaneous," or same-day, filings, citing cases that involved both same-day filings and even one in which the action was filed one day *after* filing in the Court of Claims. *Id.* at 401 n.4.

In *UNR v. United States*, 962 F.2d 1013(Fed. Cir. 1992), *aff'd sub nom. Keene Corp. v. United States*, 508 U.S. 200 (1993) (*Keene*), the Federal Circuit, sitting *en banc*, thoroughly reviewed the legislative and judicial history of § 1500 and concluded that the judicial exception created in cases such as *Tecon* violated the plain language and the purpose of §1500. *Id.* at 1019-

1024. In *UNR*, the Plaintiff had filed its complaint in the Court of Federal Claims after filing the same claims in District Court. While the case in the Court of Federal Claims was pending, the District Court dismissed its related case. UNR argued that § 1500 did not require the Court of Federal Claims to dismiss its complaint because the District Court case was no longer pending: the subsequent dismissal of the District Court case had revived the CFC's jurisdiction.

The Federal Circuit rejected that argument. It held that, "if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on . . . ." *Id.* at 1021. In reaching this conclusion, the Federal Circuit applied the "time of filing" axiom "that jurisdiction is established, if at all, at the time suit is filed." *Id.* at 1022.

In an effort to rectify what it viewed as multiple errors in §1500 jurisprudence, the Federal Circuit went on to examine *Tecon* and *Tecon*'s conclusion that a subsequently-filed District Court case did not divest the Claims Court of jurisdiction. *See UNR*, 962 F.2d at 1021 ("As can now be seen, section 1500 is rife with judicially created exceptions and rationalizations to the point that it no longer serves its purposes: to force an election of forum and to prevent simultaneous dual litigation against the government."). The Federal Circuit rejected *Tecon*'s conclusion and held that "*Tecon* is overruled." 962 F.2d at 1023. The proper rule, according to the Federal Circuit, was simply this: "if the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction . . . ." *Id.* at 1021. In explaining its decision to overrule *Tecon*, the Federal Circuit reasoned that any other interpretation would ignore the plain language of §1500 and eviscerate its meaning:

Section 1500 states that the "[Court of Federal Claims] shall not have jurisdiction of

> any claim . . . in respect to which the plaintiff . . . has pending in any other court *any suit or process*." A case filed subsequent to a Claims Court complaint is clearly a "pending . . . suit or process." Thus, by the command that the Claims Court "shall not have jurisdiction," upon the occurrence of the triggering event, the filing of suit in another court, the Claims Court is automatically divested of jurisdiction. Congress wanted not to dictate the order in which a claimant files suits in the Claims Court and another court on the same claim, but to discourage him from doing so altogether. Otherwise the purpose of saving the government from defending the same claim in two courts at the same time would be defeated.

*UNR*, 962 F.2d at 1022-23.[3]

When the Supreme Court reviewed the *UNR* decision in *Keene*, it upheld the Federal Circuit's decision that jurisdiction of the Court of Federal Claims should be examined based on the time of filing and that a subsequent dismissal of the District Court case could not re-create jurisdiction. *See Keene*, 508 U.S. at 207-08. Nevertheless, the Supreme Court explicitly refused to consider whether the *Tecon* exception still remained valid law: "We do not decide whether the statute also continues to bar a plaintiff from prosecuting a claim in the Court of Federal Claims while he has pending a later-filed suit in another court 'for or in respect to' the same claim. *Cf.* [*Tecon*]. As the dissenting judge [in *UNR*] noted below, this case does not present that issue." *Keene*, 508

---

[3] The Federal Circuit explained that this conclusion did not violate the "time of filing" rule it had just applied in the case because that rule applies to subsequent actions of the parties and not to subsequent operations of law: "Of course, it is axiomatic that once jurisdiction attaches, subsequent activities by the parties do not affect it. [Citation omitted] But the result here [to dismiss the complaint for lack of jurisdiction] occurs by operation of law." *Id.* In many other situations, subsequent events divest courts of jurisdiction. Those situations include (1) mootness, *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 97 (1993); (2) dissolution of a case or controversy, *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (citations omitted) (quotations omitted)); (3) appeals, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the District Court of its control over those aspects of the case involved in the appeal.") *superseded by statute on other grounds as recognized in In re Markowitz*, 190 F.3d 455, 460 n.2 (6th Cir. 1999); and (4) removal, 28 U.S.C. § 1446(d) (divesting state courts of jurisdiction when removing cases to federal District Courts).

U.S. at 209 n.4 (citations omitted).

After the Supreme Court's decision in *Keene*, the Federal Circuit determined that its decision to overrule *Tecon* and four other cases in *UNR* should be considered nonbinding *dicta* in view of the Supreme Court's dispensation of the case. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994) (en banc). Then, in *Hardwick Brothers Co. II v. United States*, 72 F.3d 883 (Fed. Cir. 1995) (hereinafter *Hardwick*, in contrast to *Harbuck*, 378 F.3d 1324), a panel of the Federal Circuit reinstated *Tecon* without significant analysis: "*Tecon Engineers* remains good law and binding on this court." *Id.* at 886. However, neither *Loveladies* nor *Hardwick* addressed the precise parameters of when the *Tecon* exception should apply, and certainly did not address the issue of same-day filings.[4]

More recently, in the context of claims filed on the same date by operation of law, the Federal Circuit did not apply the *Tecon* exception and instead held that the claims would be considered "simultaneously" filed and the District Court action deemed pending for purposes of §1500. In *County of Cook,* 170 F.3d at 1091, the Federal Circuit addressed the effect of the transfer statute, 28 U.S.C. §1631, on the jurisdiction of the court. In that case, the District Court had transferred some, but not all, of the claims before it to the Court of Federal Claims. Under the transfer statute, a transferred claim is deemed filed "on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. The Federal Circuit held that the transferred claims should be considered simultaneously-filed with the District Court claims, and that the District Court claims must therefore be considered "pending" for purposes of §1500. *Id.* at 1090-91. *See*

[4] Although Defendant continues to maintain that *Tecon* is wrongly decided and should be overruled, this Court does not need to reach that issue in this case because, as explained below, the *Tecon* exception does not apply to same-day filings.

*also Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (transferred claim "was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her District Court complaint." (emphasis added)).

Although the Federal Circuit and Court of Claims have never applied the *Tecon* exception to same-day filings, the Court of Federal Claims decisions have been inconsistent. In *Hill v. United States*, 8 Cl. Ct. 382 (1985), the court held that §1500 applied to claims filed on the same day, describing the claims as being filed "simultaneous," and dismissed the suit before it. Similarly, in *Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188 (1989), the court applied §1500 to complaints filed on the same day, concluding that '[t]here is no argument that simultaneous filing of both suits resulted in a claim 'pending' within the meaning of §1500." *Id.* at 189.

In the first case to apply the *Tecon* exception to same-day filings, *Breneman v. United States*, 57 Fed. Cl. 571, 576-77 (2003) (J. Hewitt), the court declined to follow *County of Cook* and used affidavits to determine the order of filing within the day. Two other recent decisions from the Court of Federal Claims, *Salt River Pima-Maricopa Indian Community v. United* States, 2008 WL 1883170, *1 (Fed. Cl. 2008) (J. Baskir) and *Ak-Chin Indian Community v. United States,* 80 Fed. Cl. 305 (2008) (J. Hewitt), similarly applied the *Tecon* exception and held evidentiary hearings to determine the order of filing for complaints filed the same day.

Most recently, in *Passamaquoddy Tribe,* the court conducted a very thorough review of the history of §1500 jurisprudence and correctly concluded as a matter of law that § 1500 applies to same-day filings regardless of the precise order in which the plaintiff filed the cases on that day. *See*

2008 U.S. Claims Lexis 174, *24-34, *51.[5] As discussed below, this Court should follow the precedent of the Federal Circuit, and the persuasive reasoning of the court in *Passamaquoddy*, and hold that same-day filings are pending for purposes of §1500.

2. *The plain language of § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time Plaintiff filed the CFC Complaint.*

As discussed above, every decision from the Federal Circuit or its predecessor that has applied §1500 in the context of same day filings has reached the same result: the District Court case has been deemed pending for purposes of §1500. *See County of Cook*, 170 F.3d at 1091 ("the 'filing' of the same claim in the District Court and the Court of Federal Claims by operation of 28 U.S.C. § 1631 deprives the latter court of jurisdiction pursuant to § 1500."); *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (transferred claim under 28 U.S.C. § 1631 was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her District Court complaint." (emphasis added)). Two earlier decisions of the United States Court of Claims reach the same result, but without the same level of analysis found in the *County of Cook* case. *See British American Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939) (dismissing petition filed in the Court of Claims under the statutory predecessor to section 1500 where the plaintiff had filed the same claim seeking the same relief on the same day in federal District Court), *cert. denied*, 310 U.S. 627 (1940); *Nat'l Cored Forgings Co. v. United States*, 132 Ct. Cl. 11, 132 F. Supp. 454 (Ct. Cl. 1955) (dismissing complaint filed in the Court of Claims under

---

[5] In the alternative, "the [*Passamaquoddy*] court did not find [the plaintiff's witness's] testimony to be either persuasive or credible," so it concluded that Plaintiff had not carried its evidentiary burden of establishing jurisdiction by proving plaintiff filed in the Court of Federal Claims first. *Id.* at *80-81.

section 1500 where the plaintiff had filed a complaint asserting the same claims in federal District Court on the same day).

These cases are entirely consistent with the decision in *Tecon*, which by its own terms does not apply to claims filed on the same day. In *Tecon*, the court established the category of "simultaneous" filings, and quickly distinguished the facts in the case before it from the facts of the cases in that category. It recognized that

> [t]he cases cited by plaintiffs (and the other relevant cases) *are not particularly germane to our resolution of the correct interpretation of Section 1500, with respect to the facts of this case.* For the most part the cases involve situations where suit was filed in another court prior to, or simultaneous with,[4] the filing of the petition in this court.
>
> . . .
>
> [4] [*British Am. Tobacco Co.* and *Nat'l Cored Forgings Co.*]; also see *Hobbs v. United States*, 168 [Ct.] Cl. 646 (1964), which suit in the Fifth Circuit was filed one day after the petition was filed in this court.

170 Ct. Cl. at 400-01 (footnote omitted) (emphasis added). From *Tecon*'s footnote four, one can see that *Tecon* did not intend its rule to apply to complaints filed on the same day. First, although the plaintiffs in *British Am. Tobacco Co.* and *Nat'l Cored Forgings Co.* filed their cases on the same day, but not at the same instant, the *Tecon* court categorized those cases as "simultaneous[ly]" filed. Second, although the plaintiff in *Hobbs* filed a related action in another court one day later, *Tecon* approvingly cited *Hobbs* in support of applying § 1500 to divest jurisdiction over simultaneously-filed complaints. Thus, *Tecon*'s own language does not extend the exception it created to claims filed on the same day in the Court of Federal Claims and in another court.

In the recent *Passamaquoddy* decision, the court properly analyzed *Tecon* and the related precedents in concluding that same day filings must be considered "pending" for purposes of §1500

analysis. *Passamaquoddy*, 2008 U.S. Claims Lexis 174, at *14-52. Unlike *Passamaquoddy*, the other recent Court of Federal Claims cases that have applied the *Tecon* exception to same-day filings did not address the limitations placed on the exception by *Tecon* itself nor the other post-*Tecon* cases[6] that applied §1500 to same-day filings. Instead, the decisions opined that the *County of Cook* and *Harbuck* decisions only apply to situations in which the cases are deemed filed simultaneously as a matter of law (i.e., pursuant to the transfer statute).[7] But neither the language of the transfer statute nor the rationale used by the Federal Circuit in *County of Cook* supports this dismissive treatment of the cases.

First, the transfer statute does *not* direct that the transferred claims be deemed filed "simultaneously" with the district claims. Instead, it provides that a transferred claim is deemed filed "*on the date* upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631 (emphasis added). In *County of Cook*, the Federal Circuit properly interpreted this provision to mean that the claims should be considered "simultaneously" filed because they were deemed filed on the same date. Similarly, in *Harbuck* the Federal Circuit did not say that the

---

[6] *See Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188, 189 (Cl. Ct. 1989) ("There is no argument that simultaneous filing of both suits resulted in a claim 'pending' within the meaning of § 1500. Nor is this a case in which the plaintiff filed its action in District Court after commencing suit in the Claims Court, as [in *Tecon*]."); *Hill v. United States*, 8 Cl. Ct. 382, 385-86 (Cl. Ct. 1985) (finding that plaintiff declared that, by filing its complaints on the same day, it filed them "[s]imultaneous[ly]," so the District Court complaint was pending).

[7] In *Breneman*, 57 Fed. Cl. at 577 (Fed. Cl. 2003), the court reasoned that *County of Cook* applies only to situations in which § 1631 deems cases filed literally simultaneously as a matter of law. *See* 57 Fed. Cl. at 577 ("at the *time* . . ."); *see also Salt River Pima-Maricopa Indian Cmty.*, 2008 WL 1883170, *4-5 (relying on *Breneman* and *Ak-Chin Indian Cmty.* to conclude that a District Court complaint filed the same day is not pending for purposes of § 1500); *Ak-Chin Indian Cmty.*, 80 Fed. Cl. at 308 n.4 ("Defendant argues, without precedential authority, that an action in another court should be deemed "pending" if it was filed on the same day as a complaint in this court." (quotations omitted)).

complaints were filed on the same instant by operation of the transfer statute. Its factual finding was that the Court of Federal Claims action was deemed filed "*on the same day* on which she originally filed that claim as one of the three counts of her District Court complaint." 378 F.3d at 1328 (emphasis added). Based on this finding that the complaints were filed "on the same day," the Federal Circuit held that the claims were simultaneously filed and thus subject to dismissal under §1500.

Moreover, in deciding that claims submitted on the same date should be construed as falling within §1500, the Federal Circuit did not rely on the technicalities of the transfer statute but instead explained that its ruling was needed to effectuate the purpose of §1500, which is to protect the United States from having to defend two lawsuits simultaneously:

> [W]e endeavor to further the established policies of §1500, which are "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," *UNR [Industries, Inc. v. United States]*, 962 F.2d [1013,] 1018 [(Fed. Cir. 1992)] (citing the legislative history of the original version of §1500, 81 Cong. Globe, 40th Cong., 2d Sess. 2769 (1868), and to "protect the United States from having to defend two lawsuits over the same matter simultaneously," id.. at 1019. . . . These policies are promoted by precluding jurisdiction in the Court of Federal Claims over claims which had been previously filed in the District Courts, and nothing suggests that these policies would not similarly be promoted by precluding jurisdiction in the simultaneous filing context.

*Id.* at 1090-91 (emphasis supplied). Given this rationale, there is no valid reason to narrowly construe *County of Cook* and *Harbuck* as limited to cases involving the operation of the transfer statute. Accordingly, consistent with language and intent of §1500, and the decisions of the Federal Circuit in *County of Cook* and *Harbuck*, this Court should conclude – as did the court in *Passamaquoddy* – that a District Court action filed the same day as the action in the CFC must be deemed pending for purposes os §1500, regardless of the precise order of the filings within the day.

3. *A broad interpretation of the Tecon exception to include same-day filings would eviscerate the purpose of §1500.*

The exception created in *Tecon*, if applied sweepingly, would completely eviscerate the purpose of §1500, which is to prevent the United States from litigating against the same claims simultaneously in two courts. The Federal Circuit explicitly recognized that fact when it originally overturned *Tecon* in *UNR Industries*. Although the Federal Circuit has reinstated *Tecon* as good case law, and opined in *gratis dictum* not to limit *Tecon* to its facts, *Hardwick*, 72 F.3d at 886, no rationale exists for extending *Tecon* to same-day filings. *See* BLACK'S LAW DICTIONARY 465 (7th ed. 1999) (defining *gratis dictum* as "[a] court's stating of a legal principle more broadly than is necessary to decide the case").

As discussed previously, *Tecon* by its own terms does not extend to same-day filings, and there is no valid rationale for extending the *Tecon* exception. As the Federal Circuit stated in *UNR*, *Tecon* is an "aberrational case" that does not comport with the plain language and purpose of §1500.[8] *UNR*, 962 F.2d at 1023. Nothing in § 1500 suggests that this Court's jurisdiction depends on the precise instant at which plaintiffs file their complaints in two courts, and Congress cannot have intended the absurd effect of forcing the parties and this Court to spend time and money on

---

[8] The Federal Circuit in *UNR* also recognized that the *Tecon* exception was created to address egregious conduct of the Plaintiff. 962 F.2d at 1020. In *Tecon*, the plaintiffs intentionally sought to extinguish CFC jurisdiction after lengthy pretrial proceedings had been completed and a trial date set. As explained by the Federal Circuit, "An exasperated Court of Claims retained jurisdiction so it could dismiss the case with prejudice for failure to prosecute." *Id.* In fact, the plaintiff's conduct in *Tecon* was so outrageous that the United States advocated for the limited exception created by the Court of Claims in that case. See Br. of Resp. at 38-39 n.19, *Keene Corp. v. United States*, No. 92-166 (U.S. Jan. 1993), attached as Exhibit No. 4. However, when *Keene* was decided, the United States recognized that the *Tecon* rule did not comport with either the language or purpose of § 1500, and it argued to the Supreme Court that the Federal Circuit's was correct in overruling Tecon because the order of filings is irrelevant for the purposes of § 1500. Br. of Resp. at 36-38, Keene Corp, No. 92-166.

evidentiary proceedings to investigate the precise moments a plaintiff filed each complaint. *See Passamaquoddy Tribe*, 2008 U.S. Claims LEXIS 174, *52 ("construing § 1500 to require the taking of live testimony from paralegals and filing clerks borders on the absurd."); *United States v. Brown*, 333 U.S. 18, 27 (1948) ("No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences."). The *Passamaquoddy Tribe* court determined the order of filing by examining, *inter alia*, testimony of paralegals and court clerks, emails, affidavits, interrogatories, transcripts, receipts, and docket numbers. *Id.* at *7, 54-81. That court expressed incredulity that the *Ak-Chin Indian Cmty.* and *Salt River Pima-Maricopa Indian Cmty.* courts "ordered discovery, briefing, a formal evidentiary hearing for receiving the testimony of plaintiff's paralegal, . . . an informal hearing regarding filing procedures in this court, and post-hearing briefing." *Id.* at *10-11, 52 (footnotes omitted).

If this Court extends *Tecon* improperly to same-day filings, the observations of a commentator concerning *Tecon* would be particularly apt: "Section 1500 does not belong on the books if, as the result in *Tecon* would indicate, it may readily be evaded by the informed, and remains a trap only for those unfamiliar." David Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 GEO.L.J. 578, 597 (1967). [9]

---

[9] As noted previously, on June 24, 2008, the United States District Court for the Eastern District of Oklahoma transferred Plaintiff's companion case (at Plaintiff's request, pursuant to 28 U.S.C. § 1404(a)) to the United States District Court for D.C. While the date of filing in the transferee court was June 24, 2008, the date of the original filing in the District Court is still December 29, 2006, i.e., the date of the filing of Plaintiff's companion case in the Eastern District of Oklahoma. *See Thorn v. IBM*, 101 F.3d 70 (8th Cir. 1996) (assessing a statute of limitations date-of-filing based on the date filed in the transfer court); *Yoder v. Honeywell, Inc.*, 104 F.3d 1215 (10th Cir. 1997) (same). In other words, Plaintiff's District Court case and this case were filed "simultaneously," which means that Plaintiff's District Court case is deemed "pending" within the meaning of § 1500. Cf. *UNR v. United States*, 962 F.2d 1013, 1021-22 (Fed. Cir. 1992) (holding that (continued...)

### B. Even if Tecon Applies to Two Complaints Filed Simultaneously, Plaintiff Has Not Carried Its Burden to Establish Jurisdiction.

Even if *Tecon* applies to complaints filed upon the same day, Plaintiff has failed to carry its burden to establish jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). In the context of § 1500, Plaintiff must establish that the District Court case was not pending at the time Plaintiff filed its Complaint in this Court. *See id.*

Aware that *Tecon* might be held to apply in this case, on June 11, 2008, Defendant served Requests for Production of Documents on Plaintiff, seeking documents that would establish the precise time at which each of the Complaints in Plaintiff's two cases was filed on December 29, 2006. Plaintiff responded to Defendant's production requests on July 17, 2008; the responses were received on July 18th[10/]. In the event that the Court rules that *Tecon* applies in this case, Defendant requests that the Court conduct an evidentiary hearing for the purpose of determining the order in which the two complaints were filed, but that, for reasons of judicial economy and efficiency, the Court not schedule such an evidentiary hearing, at least until after Plaintiff has responded to Defendant's requests for production.

---

[9/](...continued)
District Court complaint filed first was "pending" for § 1500 purposes, even though it was subsequently dismissed, while the suit filed in the CFC was still before the CFC because the "time of filing" determines jurisdiction). There is no language in the *County of Cook* opinion that indicates that the term "simultaneous"refers only to claims transferred pursuant to 28 U.S.C. § 1631, and not to any other types of "simultaneous" or same-day filing of the same claims in a federal district court and the CFC. In such a situation, the District Court claims are deemed "pending" within the meaning of § 1500, and the claims in the CFC should be dismissed.

[10/] Plaintiff objects to all four requests for production because they see "documents protected by the attorney-client privilege and/or work product doctrine." As to two of the requests, Plaintiff states that it "will produce any non-privileged documents within its possession, custody or control that maybe reasonably responsive" but "subject to and without waiving [its]...objections." Plaintiff states it has no responsive documents as to the other two requests.

## III. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts.

After establishing that the District Court Complaint is pending, this Court has to analyze whether the claims are for or "in respect to" claims "the plaintiff . . . has pending in any other court . . . ." 28 U.S.C. § 1500. A claim is one "for . . . which" a plaintiff has a suit or process pending in another court if the claims are identical. By using the phrase "for or in respect to which," Congress intended § 1500 to apply both to identical claims and more broadly to claims "in respect to" the suit or process. A claim is "in respect to" a suit or process if it "relate[s] to" or is "concerned with" the suit or "ha[s] regard or reference to the suit. *Webster's Third New International Dictionary* 1934 (1986). *Cf. Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971) (discussing meaning of the word "respecting" in the Establishment Clause of the First Amendment). *See Keene*, 508 U.S. at 212-14 ("Congress did not intend the statute to be rendered useless by a narrow concept of identi[cal claims] providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation.").

Accordingly, the language of § 1500 bars this Court from assuming jurisdiction over a claim if plaintiff has a *related* claim pending in another court. Determining whether claims are related "'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *See Harbuck*, 378 F.3d at 1329 (quoting *Loveladies*, 27 F.3d at 1549). Such a comparison involves evaluating the complaints filed in each court. *See Loveladies*, 27 F.3d at 1553-54 (comparing District Court and CFC complaints).

The Court of Claims and the CFC have consistently defined the term "claim" for purposes of a § 1500 analysis to turn on operative facts, rather than on legal theories. *See, e.g.*, *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988); *Eastern Shawnee*, No. 1:06-

cv-00917-CFL, 2008 U.S. Claims Lexis 180, *12, 2008 WL 2554943, *4 (Fed. Cl. Jun. 23, 2008) ("Eastern Shawnee asserts that the basis of the District Court complaint is the failure to provide an adequate accounting, while the complaint in this court addresses the failure of the government properly to manage monetary and non-monetary trust assets. This proffered distinction is not persuasive in light of prior precedents.") (citation omitted). Further, Plaintiff need not plead identical operative facts. It is sufficient that they are substantially the same. *Johns-Manville Corp.*, 855 F.2d at 1559 (dismissing a case under § 1500 in a situation in which the "facutal allegations in the Claims Court cases overlay the factual allegations" in the District Court cases); *Passamaquoddy Tribe*, Lexis at *89-90.

In the words of this Court in *Eastern Shawnee*, a comparative reading of the District Court and CFC Complaints confirms that they are both based on substantially the same facts:

> [T]he claims in the case in the District Court and in the instant action are basically different manifestations of the same underlying claim that the government failed properly to administer and manage [Plaintiff's] trust land and assets. The two claims involve the same parties, the same trust corpus, and the same breach of the same trust duties over the same time period. The only apparent factual difference is a narrower focus on the accounting aspects of the alleged breaches of trust duties in the District Court complaint. . . .
>
> The government's role here is essentially the same, properly to manage and account for the tribe's trusts and assets. The conduct alleged in the District Court case of failing to provide a full and accurate accounting is encompassed within the averments of the instant case, which addresses "the failure of the CFC defendants to properly manage monetary and non-monetary trust assets." Both actions turn on the government's past actions related to its management and administration of [Plaintiff's] same tribal trust lands and assets. Indeed, both suits specify that [Plaintiff] seeks an accounting to determine whether, and to what extent, the Tribe has suffered losses as a result of the government's breaches of trust.

*Eastern Shawnee*, Lexis at *13-14, 15-16; WL at *5(citations omitted); *see also Loveladies*, 27 F.3d at 1551-52; *Keene Corp.*, 508 U.S. at 212-14; *Tohono O'odham*, 79 Fed. Cl. at 657. Four courts

have previously considered cases on similar facts and complaints; all found that plaintiffs demanded substantially the same relief on the same operative facts. *See Ak-Chin Indian Cmty.*, 80 Fed. Cl. 305 (Fed. Cl. 2008); *Tohono O'odham*, 79 Fed. Cl. 645 (Fed. Cl. 2007); *Eastern Shawnee*,; *Passamaquoddy*, 2008 U.S. Claims Lexis 174, *1.

Nearly all of the factual allegations in the two Complaints are absolutely identical. Compare District Court Complaint, ¶¶ 1-3, 6-21, 23 with CFC Complaint ¶¶ 1-3, 6-21, 22. The basic trust of these allegations is that the United States, as trustee, breached fiduciary duties owed to Plaintiff, as trustee beneficiary, by failing properly to account for and manage Plaintiff's trust assets. *Compare* District Court Complaint ¶¶ 1, 3, 8-12, 13-15, 21-26 *with* CFC Complaint ¶¶ 1, 3, 6-22. *See Tohono O'odham*, 79 Fed. Cl. at 652, 656 (concluding that the complaints were based on the same operative facts, where "[t]he two complaints clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time"). The court in *Ak-Chin* analyzed similar facts as follows:

> The court will be required to review the government's alleged failure to maintain records and account for plaintiff's trust property by considering any existing records related to the government's collection, handling, and investment of the Community's trust funds and property. The nature of Indian trust cases and the government's trust responsibility owed to Indian tribes does not lend itself to a simple delineation or separation of operative facts as they pertain to the government's various duties owed to Indian tribes. It is not apparent to the court how it could address facts related to the government's duty to invest and deposit plaintiff's trust funds without considering the facts related to the government's overall trust obligations owed to plaintiff, including its duty to account. It is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint.

80 Fed. Cl. at 319-20.

In this case, the facts underlying the allegations raised by Plaintiff in its CFC Complaint are

identical to those raised by Plaintiff in its District Court Complaint with the exception of the allegations in ¶ 22 of the District Court Complaint. Both complaints relate to the same trust assets. Plaintiff alleges the Defendant mismanaged the very same resources and property - - that is, "certain monies, lands and other assets."

Both complaints are also based on the identical trust obligations for Defendant. Plaintiff alleges in both complaints that Defendants's trust obligations include, but are not limited to: (1) protecting, preserving, managing, and investing trust assets, including trust funds and trust property (*compare* District Court Complaint ¶¶ 9, 10 *with* CFC Complaint ¶¶ 9, 10; (2) maintaining accurate records (*compare* District Court Complaint ¶¶ 9 *with* CFC Complaint ¶ 9); and (3) providing accurate and timely reports to account holders (*compare* District Court Complaint ¶¶ 9-11 *with* CFC Complaint ¶¶ 9-11).

Moreover, Plaintiff has sued the same defendants in both cases (*compare* caption of District Court Complaint and caption of CFC Complaint), and it bases its claims in both cases on the fact that it is the beneficial owners of land and natural resources held in trust by the United States (*compare* District Court Complaint ¶ 17 *with* CFC Complaint ¶ 17).

As the preceding comparisons have shown, the same operative facts underlie both complaints.

**IV. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief.**

Just as the operative facts need not be identical for a claim to be the same, the relief sought also does not need to be identical. *See Harbuck*, 378 F.3d at 1329; *see also Eastern Shawnee*, Lexis at *17, WL at *6 ("Thus, the inclusion of other and different requested relief does not bar application of Section 1500"). As in *Eastern Shawnee*, the relief in substance in this case and Plaintiff's District

Court case will be the same. The complaints in the District Court and the CFC contain overlapping claims for relief related to the alleged breach of fiduciary duties owed to Plaintiff by the government. *See Eastern Shawnee*, Lexis at *17-18, WL at *6 ("Accordingly, while Eastern Shawnee correctly asserts that it does not specifically make a request for money damages in District Court, in substance the requested relief overlaps with the request for money damages in this court."); *Keene*, 508 U.S. at 212.

In its District Court Complaint, Plaintiff expressly seeks several different forms of relief, District Court Complaint, *Prayer for Relief* ¶¶ 1-5 (a declaration delineating the trust duties which Defendant owes to the Band; a declaration that Defendant has breached these duties, including the duty to provide the Band with accountings of its tribal trust assets at regular intervals; an injunction requiring defendant to fulfill its trust duties; and "an award of damages in excess of $1,000,000 to the Keetoowah Cherokees in an amount to be determined at trial . . . ." In its CFC Complaint, Plaintiff expressly seeks the same relief. *See* CFC Complaint, *Claim for Relief* ¶ 1 (requesting "an award of damages in excess of $1,000,000 in an amount to be determined at trial . . . " which necessitates an accounting in aid of judgment). As shown earlier, the text of § 1500 requires only that the relief sought here is "related to" or is "concerned with" the claims in the District Court. The relief must merely be the same in nature, such as monetary or injunctive. *Harbuck*, 58 Fed. Cl. at 269. This Court recently found unpersuasive a distinction by plaintiff between a request for equitable and monetary relief:

> Eastern Shawnee contends that it does not seek the same relief in the actions because the relief sought in District Court is solely equitable and the relief sought here is solely monetary. However, in substance the relief sought in the two complaints, an accounting and reimbursement for losses resulting from mismanagement, is overlapping. As explained below, if Eastern Shawnee were to establish liability for

> breaches of trust in this proceeding, an accounting would be required, and that accounting would overlap with the accounting available in equitable proceedings such as the case brought in District Court.

*Eastern Shawnee*, No. 1:06-cv-00917-CFL, at 8 (citations omitted). As the court stated in *Tohono O'odham*, "the inquiry is whether there is meaningful overlap both in the underlying facts and in the relief sought in the two actions. A perfect symmetry of demands for relief is not necessary." 79 Fed. Cl. at 657; *see also Keene*, 508 U.S. at 212-14.

Under the foregoing circumstances, § 1500 divests this Court of jurisdiction because Plaintiff pursues overlapping claims in more than one forum. *See Harbuck*, 378 F.3d at 1329. For § 1500 purposes, "the legal theory behind the allegations or the characterizations of the requests for relief are not controlling." *Tohono O'odham*, 79 Fed. Cl. at 656. Here, there is no doubt that the same facts are relevant, namely, Defendant's management of Plaintiff's trust assets, and that the relief that Plaintiff seeks overlap, *i.e.*, both cases are based on Defendant's alleged breach of the same fiduciary duties, Plaintiff's request for an accounting, and Plaintiff's desire or reimbursement for losses caused as a result of Defendant's alleged breaches of its trust duties.

**A. <u>Both Complaints Indicate That Plaintiff Seeks an Accounting.</u>**

In the District Court, Plaintiff seeks an accounting. District Court Complaint ¶¶ 1, 20-22, 24-26, *Prayer for Relief* ¶3. It also seeks an accounting in this Court. *See* CFC Complaint, ¶ 20 (an accounting must "contain sufficient information for the beneficiary to readily ascertain whether the trust has been faithfully carried out."). *See Eastern Shawnee*, Lexis at *18-19, WL at *7 ("In short, once liability has been established, the equitable 'relief' of an accounting is a necessary precursor to an award of damages. Moreover, this is not a situation where jurisdiction over an equitable accounting rests with District Courts while this court is barred from undertaking an accounting.

Instead, this court has the authority 'to require an accounting in aid of its jurisdiction to render a money judgment.'"); *Tohono O'odham*, 79 Fed. Cl. at 659.

Plaintiff asks the District Court to compel Defendant to provide a full and complete accounting of the trust assets, *see* District Court Complaint, *Prayer for Relief* ¶ 3. The District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breaches of fiduciary duty committed by Defendants.

Plaintiff anticipates achieving the same accounting result in the CFC Complaint by claiming that it has "been damaged by the United States' breach of its fiduciary duties to the tribe in an amount to be determined at trial, but which, upon information and belief, exceeds $1,000,000." CFC Complaint, ¶ 22, which this Court would have to provide through an accounting in aid of judgment.[11] *See Eastern Shawnee*, Lexis at *19, WL at *7 (citing *Klamath & Modoc Tribes v. United States*, 174 Ct. Cl. 483, 490-91 (1966); *Tohono O'odham*, 79 Fed. Cl. at 59; see also CFC Complaint, ¶¶ 27-28.

Plaintiff did not limit its CFC Complaint to a request for monetary relief because it also seeks "such *other and further relief as may be just and equitable*." CFC Complaint, *Claim for Relief* ¶ 2 (emphasis added). The plain language of Plaintiff's CFC Complaint belies any notion that its own terms limit it exclusively to a request for damages. *See* CFC Complaint ¶¶ 9-14, 20-22. The Court need not assess whether it is empowered to grant such relief as Plaintiff is requesting here under the Tucker Act or Indian Tucker Act, but only to confirm that Plaintiff, when it filed its complaint,

---

[11] In *Tohono O'odham*, the court noted that "although a pre-liability, stand-alone general accounting is unavailable in [the CFC], after a presentation of sufficient evidence, an accounting is unavoidable here and will be coextensive with all the plaintiff's claims of breach. The accounting will be necessary to establish the quantum of damages." 79 Fed. Cl. at 659.

sought such relief. *Tohono O'odham*, 79 Fed. Cl. at 654-55.

Labels are not dispositive, and courts will look, instead, to the substance of the relief that the plaintiffs request. *See Tohono O'odham*, 79 Fed. Cl. at 659 (holding that plaintiff's complaints in the CFC and the District Court had an overlap of relief in the request for an accounting). Whether Plaintiff requests damages necessitating an accounting in aid of judgment in this Court, or a full and complete accounting in the District Court, Plaintiff's requested relief overlap and thereby implicate § 1500. *See Eastern Shawnee*, Lexis at *22-23, WL at *8 ("Here, in contrast, because the accounting does not have considerable value independent of monetary recovery, the accounting sought is 'in essence' a claim for money damages"); *Harbuck*, 378 F.3d at 1329 (citing *Keene*, 508 U.S. at 212).

**B. <u>Both Complaints Indicate That Plaintiff Seeks Monetary Relief.</u>**

Both Complaints indicate seek an "award of damages in excess of $1,000,000 to the Keetoowah Cherokees in an amount to be determined at trial..." *Compare* District Court Complaint, *Prayer for Relief* ¶ 4 with CFC Complaint; *Prayer for Relief* ¶ 1. Plaintiff's requests for relief based on the alleged breach of trust in both of its cases certainly overlap. The District Court and CFC complaints ask the respective courts to determine Plaintiff's rights as a trust beneficiary and Defendants' duties (and alleged breaches of trust) as trustee. District Court Complaint ¶¶ 9-15, 17-22, *Prayer for Relief* ¶¶ 1, 2; CFC Complaint ¶¶ 9-15, 17-22.

Indeed, the relief sought in this action might be the same as in the District Court, and the claims may overlap each other. *See, e.g., Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) (concluding the District Court lacked jurisdiction to issue declaratory judgment concerning government's liability for breach of contract so as to create predicate for suit for damages under the Tucker Act); *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 139 n.10 (Fed. Cl. 2004).

Because Plaintiff seeks the same finding of breach of trust, especially as regards an accounting, and resulting loss in both cases, the relief sought in both cases sufficiently overlaps, and, therefore, § 1500 requires that this Court dismiss Plaintiff's claims here. *See Johns-Manville*, 855 F.2d at 1565.

If this Court awards Plaintiff damages for Defendant's alleged failure to maintain the accounts properly, that award will subsume Plaintiff's requests in the District Court for declarations that Defendant has breached its fiduciary duties. If this Court awards damages, it necessarily has concluded that Defendant has breached its fiduciary duties. Without that breach, Defendant must have performed with fidelity, and this Court would have no damages to award. Therefore, Plaintiff's request for damages in this Court subsumes Plaintiff's request for declaratory relief in the District Court. *A fortiori*, those claims for relief overlap.

## V. CONCLUSION

28 U.S.C. § 1500 divests this Court of jurisdiction if the following conditions are met: (1) a District Court case is pending, (2) the two complaints involve the same facts, and (3) Plaintiff is seeking overlapping relief in both courts. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Those conditions are present herein. Therefore, § 1500 requires this Court to dismiss this case.[12/]

Respectfully submitted this 18th day of July 2008,

RONALD J. TENPAS
Assistant Attorney General

---

[12/] In the alternative, assuming arguendo that Plaintiff's complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under § 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for staying the CFC case. *See Loveladies*, 27 F.3d at 1554; *Pa. R.R. Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 n.5 (1993).

*s/James M. Upton*
JAMES M. UPTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0482
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I served the foregoing **DEFENDANT'S MOTION TO DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1500 and ATTACHED EXHIBITS 1 THROUGH 4** by transmitting it to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the plaintiff's counsel who are ECF registrants:

James C. McMillin, Esq.
Tamara S. Pullin, Esq.
McAfee & Taft
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

*s/ James M. Upton*
JAMES M. UPTON