# EXHIBIT 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(1) UNITED KEETOOWAH BAND
OF CHEROKEE INDIANS IN OKLAHOMA
Plaintiff,

v.

THE UNITED STATES OF AMERICA,

AND

DIRK KEMPTHORNE,
in his official capacity as
SECRETARY OF THE INTERIOR,
U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20040

AND

HENRY M. PAULSON,
in his official capacity as
SECRETARY OF THE TREASURY
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Defendants.

FILED DEC 29 2006

Case No. 06-936 L

**COMPLAINT**

**Nature of Action**

1. This is an action for damages and declaratory and injunctive relief brought by the United Keetoowah Band of Cherokee Indians in Oklahoma ("Keetoowah Cherokees") against the United States of America ("United States" or "Federal Government"), which served as trustee for certain monies, lands and other assets belonging to the Keetoowah Cherokees, and against the Secretary of Interior and Secretary of the Treasury acting in their official capacities as

90-2-20-12123

trustee-delegates of the United States. The Keetoowah Cherokees seek a declaratory judgment delineating the trust duties of the United States to the Keetoowah Cherokees and declaring the failure of the United States to fulfill its trust duties including but not limited to its duty to protect the monies, lands and assets of the Keetoowah Cherokees, provide any historical accounting of tribal monies, lands and other assets or provide a reconciliation report regarding the same. The Keetoowah Cherokees seek a judgment declaring the transfer and sale of lands with which the Keetoowah Cherokees had a beneficiary interest by the United States was wrongful and reinstating the same to the Keetoowah Cherokees. The Keetoowah Cherokees seek an injunction requiring the United States to fulfill its trust duties, including but not limited to its duty to provide the Keetoowah Cherokees with an historical accounting of all tribal monies, lands and other assets that the United States held in trust at any time since the inception of the trust relationship. The Keetoowah Cherokees seek damages arising out of the above-described acts.

**PARTIES**

2. Plaintiff, the United Keetoowah Band of Cherokee Indians in Oklahoma, is a sovereign Indian tribe based in Tahlequah, Oklahoma, acknowledged by the United States as an Indian tribe, with all the legal rights and responsibilities of a federally recognized Indian tribe.

3. Defendant United States acts as trustee for certain monies, lands and other assets rightfully belonging to the Keetoowah Cherokees. The United States delegated certain of its trust responsibilities over such assets to the Secretary of Interior, who is charged by law with carrying out certain duties and responsibilities of the United States as trustee for the Keetoowah Cherokees. The United States has also delegated certain of its trust responsibilities to the Secretary of the Treasury, who, in that capacity, is custodian of funds held in trust for the

Keetoowah Cherokees and has trust responsibilities with regard to the administration of such funds as well as the preparation and maintenance of records in connection with those funds.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1362; 28 U.S.C. §§ 1491, 1505, 2201 and 2202; and 5 U.S.C. §§ 702 and 706.

5. Venue is proper in this court under 28 U.S.C. § 1391.

### The United States is Trustee of Certain Property Belonging to the Keetoowah Cherokee

6. The Keetoowah Cherokees entered into a treaty relationship with the United States in 1828. In that treaty the United States agreed to hold land in trust for the benefit of the whole Cherokee people.

7. This treaty relationship was reaffirmed with a subsequent treaty entered into in 1846 by the Keetoowah Cherokees and the United States agreeing that lands would be held for the benefit of the whole Cherokee people.

### As Trustee the United States is Bound by Fiduciary Responsibilities Concerning the Management of Tribal Assets Held in Trust for the Benefit of the Keetoowah Cherokees

8. As trustee for the Keetoowah Cherokees, the United States has a fiduciary relationship with the Tribe and obligations of the highest responsibility to administer Keetoowah Cherokees tribal trust assets with the greatest skill and care possessed by the trustee.

9. As trustee for the Keetoowah Cherokees, the United States owes the Tribe the trust duties imposed upon a trustee at common law. These duties include but are not limited to the duty to properly administer the trust; to administer the trust solely in the interest of the Keetoowah Cherokees; to keep and render clear and accurate accounts with respect to the administration of the trust; to furnish complete and accurate information to the Keetoowah

Cherokees as to the nature and amount of trust assets; to exercise the proper care and skill in the administration of the trust; to preserve the trust assets and protect them from loss or damage; to keep the trust assets of the Keetoowah Cherokees separate from other property not subject to the trust; to properly deposit the trust funds of the Keetoowah Cherokees; and make the assets of the trust productive for the benefit of the Keetoowah Cherokees.

10. The United States also has certain statutory duties to the Keetoowah Cherokees that, in some cases, reaffirm the pre-existing trust duties imposed upon the United States at common law. These duties include but are not limited to the duty to (1) prudently invest trust funds; (2) audit and reconcile Keetoowah Cherokees' tribal trust funds, (3) provide the Keetoowah Cherokees with an accounting of such funds; and (4) certify, through an independent party, the results of the reconciliation of the Keetoowah Cherokees' tribal trust funds as the most complete reconciliation possible of such funds. Acts of Dec. 22, 1987, Pub. L. No. 100-202; 101 Stat. 1329; Oct. 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and Nov. 3, 1991, Pub. L. No. 102-154, 105 Stat. 990.

11. As trustee for the Keetoowah Cherokees, the United States owes the tribe fiduciary duties including but not limited to providing periodic, timely accountings of tribal trust funds, and the duty to cause an annual audit of all tribal trust funds to be conducted. 25 U.S.C. § 4011; 25 U.S.C. § 162a(d).

12. Congress further acknowledged the duty of the United States to discharge its fiduciary responsibilities in a prudent manner when Congress preserved the rights of tribes generally to sue for mismanagement until accounting of trust funds can be completed directing the statute of limitations "shall not commence to run on nay claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished

with an accounting of such funds from which the beneficiary can determine whether there has been a loss." See Act of Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of Nov. 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of Oct. 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of Nov. 11, 1993; Pub. L. No. 103-138, 107 Stat. 1379; Act of Sept. 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of Apr. 26, 1996, Pub. L. No. 104-134, 110 Stat. 1321; Act of Sept. 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of Nov. 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of Oct. 21, 1998, Pub. L. No. 105-227, 112 Stat. 2681; Act of Nov. 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of Oct. 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of Nov. 5, 2001, Pub. L. No. 107-63, 115 Stat. 414; Act of Feb. 2003, Pub. L. No. 108-17, 117 Stat. 11.

**The United States has Failed to Fulfill**
**Its Trust Duties to the Keetoowah Cherokees**

13. The United States has failed to fulfill its trust duties to the Keetoowah Cherokees. Among other things, the United States has never rendered an accounting to the Keetoowah Cherokees of the tribal assets that the United States holds or held in trust for the benefit of the Keetoowah Cherokees. The United States, as trustee, has also failed to establish any effective system for providing regular or periodic accountings of tribal trust monies, lands and other assets. As a consequence, the United States, as trustee, has failed to keep the Keetoowah Cherokees properly informed as to the status of the Keetoowah Cherokee's trust assets under the control and management of the United States, the income the trust assets have produced and the allocation and disposal of such assets.

14. As a trustee, the United States is required to perform the trust and fiduciary duties described above, including the duty to safely invest the tribal funds for the benefit of the Keetoowah Cherokees, at regular intervals, provide the Keetoowah Cherokees with an

accounting of such assets. The United States has provided no such accounting to the Keetoowah and, as a consequence, has failed to properly discharge its trustee fiduciary duties.

15. As a trustee, the United States is required to perform the trust and fiduciary duties described above, including the duty to pay all proceeds derived from the sales of lands in trust for the benefit of the Keetoowah Cherokees into the Treasury for the benefit of the Keetoowah Cherokees. The United States has not paid proceeds from the sales of land belonging to the Keetoowah Cherokees into the Treasury in trust for the benefit of the Keetoowah Cherokees and, as a results, has failed to fulfill its obligations as trustee for the Keetoowah Cherokees.

**Count One**

16. The Keetoowah Cherokees realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. Through various treaties and acts of Congress, and by its actions, the United States holds monies, lands and other assets in trust for the benefit of the Keetoowah Cherokees.

18. Because the United States holds monies, lands ands other assets in trust for the Keetoowah Cherokees, it has assumed the fiduciary obligations of a trustee at common law.

19. The United States has also enacted regulations through which it exercises elaborate and pervasive control over certain monies, lands and other assets of the Keetoowah Cherokees. When the United States assumes elaborate control or supervision over the assets of a Tribe, a trust relationship arises between the United States and the Tribe with respect to such assets. *See United States v. Mitchell*, 463 US 206 (1983).

20. As trustee for the Keetoowah Cherokees, the United States owes the tribe the duties imposed upon a trustee at common law. *See Cobell v. Norton*, 283 F. Supp.2d 66 (D.D.C. 2003). The obligation to provide the Keetoowah Cherokee, as beneficiary of the trust, an

accounting is a fundamental obligation of the traditional trust relationship. Such an accounting requires a full disclosure and description of each item of property constituting the corpus of the trust at its inception, and must contain sufficient information for the beneficiary to readily ascertain whether the trust has been faithfully carried out. *See Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001).

21. The United States has failed to fulfill its trust duties by failing, among other things, to provide the Keetoowah Cherokees with an accounting of the tribal trust assets at regular intervals. The United States also failed to fulfill its trust duties to the Keetoowah Cherokees by failing to properly collect, deposit, and invest funds deriving from such tribal assets.

22. The Keetoowah Cherokees have been damaged by the United States' breach of its fiduciary duties to the tribe in an amount to be determined at trial but which, upon information and belief, exceeds $1,000,000.

**WHEREFORE**, the Plaintiff Keetoowah Cherokees prays:

1. For an award of damages in excess of $1,000,000 to the Keetoowah Cherokees, in an amount to be determined at trial, and any costs of bringing this action including but not limited to attorney's fees and the fees and costs of expert assistance.

2. For such other and further relief as may be just and equitable.

Dated: Oklahoma City, Oklahoma
December 29, 2006

Steven W. Bugg
Steven W. Bugg
James C. McMillin
Michael D. McClintock
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102-7103
405/235-9621
405/235-0439 (Fax)

ATTORNEYS FOR PLAINTIFF
UNITED KEETOOWAH BAND OF
CHEROKEE INDIANS IN OKLAHOMA