# In the United States Court of Federal Claims

No. 06-936L

(Filed: March 20, 2009)

```
*******************************   *
                                  *
UNITED KEETOOWAH BAND OF          *
CHEROKEE INDIANS IN OKLAHOMA,     *
                                  *   Indian Claim; Motion to Dismiss
              Plaintiff,          *   for Lack of Jurisdiction; 28
                                  *   U.S.C. § 1500; Actions Pending
   v.                             *   in U.S. District Court and Court
                                  *   of Federal Claims; Sequence of
THE UNITED STATES,                *   Filing Complaints on Same Day.
                                  *
              Defendant.          *
                                  *
*******************************   *
```

*James C. McMillin*, with whom was *Michael D. McClintock*, McAffee & Taft, Oklahoma City, Oklahoma, for Plaintiff.

*James M. Upton*, with whom were *John C. Cruden*, Acting Assistant Attorney General, *Anthony P. Hoang* and *Jared S. Pettinato*, Of Counsel, United States Department of Justice, Environmental Division, Natural Resources Section, for Defendant.

OPINION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

This case arises from the United States Government's alleged breach of its fiduciary duty to the United Keetoowah Band of Cherokee Indians in Oklahoma ("Keetoowah Cherokees") to properly administer, provide an accounting of, and safely invest funds derived from the tribe's assets. Before the Court is Defendant's July 18, 2008 motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500 (2006) ("Section 1500"). Section 1500 divests this Court of jurisdiction where a plaintiff has pending before another court a claim arising out of the same operative facts and seeking the same relief as the claim before the Court of Federal Claims. See 28 U.S.C. § 1500.

Defendant argues that Section 1500 precludes this Court from hearing Plaintiff's claim as a matter of law because Plaintiff filed a virtually identical complaint in federal district court on the same day as the complaint filed in this Court, which renders the district court complaint *per se* "pending" within the meaning of the statute. Even if the district court complaint is not *per se* "pending," Defendant contends that Plaintiff has failed to meet its burden of proving that it filed its complaint in the Court of Federal Claims prior to filing its complaint in federal district court. After considering the parties' briefs and hearing oral argument, the Court concludes that time of filing is relevant to whether a claim is pending in another court and rejects Defendant's *per se* rule. The Court has reviewed the parties' joint stipulation of facts regarding the time of filing of the two complaints and determined that Plaintiff filed its complaint in the Court of Federal Claims first. Accordingly, Plaintiff does not have a claim "pending" in another court for the purposes of Section 1500, and Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

Background

On December 29, 2006, Plaintiff filed two complaints against the United States and the United States Secretaries of Treasury and Interior acting in their official capacities: one in the Court of Federal Claims ("COFC Complaint") and the other in the District Court for the Eastern District of Oklahoma ("District Court Complaint"). Both the COFC Complaint and the District Court Complaint arise from the alleged failure of the United States to fulfill certain obligations as part of its trust relationship with the Keetoowah Cherokees. (COFC Compl. ¶ 21, Dec. 29, 2006; Dist. Ct. Compl. ¶ 21, Dec. 29, 2006). The Keetoowah Cherokees entered into a treaty with the United States in 1828 by which the United States agreed to hold land in trust for the benefit of the Cherokee people. (COFC Compl. ¶ 6). Pursuant to this treaty and relevant statutes, the United States allegedly owes the Keetoowah Cherokees a fiduciary duty to provide periodic accountings and an annual audit of tribal trust funds. Id. ¶¶ 8-12.

Both complaints allege that Defendant has breached its trust duties in the management of Plaintiff's tribal assets. In identical language in the two complaints, Plaintiff asserts that Defendant failed to: (1) render an accounting of its tribal assets, (2) properly inform Plaintiff as to the status of its assets, (3) safely invest its assets for the benefit of the Keetoowah Cherokees, and (4) pay all proceeds derived from the sale of lands in trust for the benefit of the Keetoowah Cherokees into the United States Treasury. Id. ¶ 21; Dist. Ct. Compl. ¶ 21.

The two complaints demand overlapping but not identical relief. The COFC Complaint seeks: (1) damages in excess of $1 million and (2) "such other and further relief as may be just and equitable." (COFC Compl. 7 ¶¶ 1-2). The "Nature of Action" section of the complaint explains further that the COFC Complaint is an action for damages and declaratory and injunctive relief. Id. ¶ 1. The District Court Complaint requests: (1) a

declaratory judgment that Defendant owes Plaintiff the duty to provide the Keetoowah Cherokees periodic accountings of its trust assets and that Defendant has breached this duty; (2) an injunction requiring Defendant to fulfill its trust duties, including providing Plaintiff a historical accounting of all tribal assets; (3) damages in excess of $1 million; and (4) "such other and further relief as may be just and equitable." (Dist. Ct. Compl. 7-8 ¶¶ 1-5).

On July 18, 2008, Defendant filed a motion to dismiss the COFC Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Defendant argues that Section 1500 bars this Court from hearing the COFC Complaint because the District Court Complaint filed the same day was *per se* "pending" under the statute. Plaintiff submitted its response on August 18, 2008 opposing the *per se* rule as a matter of law and contending that the District Court Complaint was not "pending" as a matter of fact because Plaintiff had filed the COFC Complaint earlier in time on December 29, 2006. Plaintiff also maintains that the two complaints involved different operative facts and sought distinct relief. Defendant filed its reply on October 3, 2008, and the Court held oral argument on the motion to dismiss on November 18, 2008.

After considering the parties' briefs and hearing oral argument, the Court concluded that time of filing is relevant to the issue of whether a district court complaint filed the same day is "pending" under Section 1500. Accordingly, the Court scheduled an evidentiary hearing to allow the parties to establish which complaint Plaintiff filed first on December 29, 2006. However, on February 27, 2009, the parties filed a Joint Stipulation Regarding Certain Facts Relating to Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500 ("Joint Stipulation"), which obviated the need to hold an evidentiary hearing. The Joint Stipulation agreed that the only issue the Court needed to decide in order to resolve the time of filing was the times at which Plaintiff "delivered" its two complaints to the clerks of the respective courts. (J. Stip. ¶ 1, Feb. 27, 2009). The parties then stipulated to the following:

- Plaintiff's counsel, McAfee and Taft, PC, sent a package with reference number "28930.00001" by Federal Express ("FedEx") to the Court of Federal Claims on December 28, 2006. Id. ¶ 5.

- Fed Ex delivered the package to the office of the Clerk of the Court on December 29, 2006 at 9:01 AM Eastern Standard Time ("EST"). Id. ¶ 6.

- The Court of Federal Claims received the complaint on December 29, 2006. Id. ¶ 7.

- At 10:44 AM (EST) on that same day, someone by the name of "Triena" contacted Ala Carte Courier Service, Inc. of Oklahoma City, Oklahoma regarding a pick-up from "Macaffee & Taftee" that would be ready for

      delivery to "Muskogee Court Clerk, 101 N. 5th St., 918-684-7290" at 1:00. Id. ¶ 8.

- Ala Carte Courier Service, Inc. delivered a package from "McAfee & Taft, Donna Hinkle, 28930/00001" co-signor "Trina K. Harper" to "Court Clerk, 101 N 5th St Muskogee, OK 74402, (918) 684-7920," consignee "J. Brown," on December 29, 2006. Id. ¶ 9.

- The United States District Court for the District of Oklahoma received Plaintiff's district court complaint on December 29, 2006. Id. ¶ 10.

- The reference number "28930.00001" is McAfee & Taft's internal client/matter reference number for the Keetoowah Cherokees. Id. ¶ 11.

    In addition to the Joint Stipulation, Plaintiff submitted exhibits along with its Response Brief in an effort to establish that it filed the COFC Complaint first in time. An email from a Litigation Paralegal for Plaintiff's counsel by the name of Donna Hinkle to attorneys James C. McMillin, Michael McClintock, and Vanessa Brown at 9:19 AM Central Standard Time ("CST") on December 29, 2006 asked: "Are we filing another case in the Eastern District today?  If so, please remember I need to get a courier service lined up to hand-deliver it and they must leave from here no later than 1 pm." (Pl.'s Ex. B).  At 9:54 AM (CST), Ms. Hinkle sent another email to Mr. McClintock and Ms. Brown advising them to put Plaintiff's correct name on the pleading. (Pl.'s Ex. C).  At 12:01 PM (CST), Ms. Hinkle sent an email to Mr. McMillin, Mr. McClintock, and Ms. Brown stating that "I just confirmed that the US Court of Federal Claims has received our fed ex filing today." (Pl.'s Ex. A).  At 4:09 PM (CST), Ms. Hinkle emailed the three attorneys, informing them that she "just confirmed that our complaint was filed in the Eastern District today." (Pl.'s Ex. E). Plaintiff also provided the Court with a copy of driving directions from the website Mapquest.com, which indicates that traveling by car from McAfee and Taft's office to the office of the Clerk of the District Court in Muskogee, Oklahoma takes approximately two hours and fourteen minutes. (Pl.'s Ex. 4).  Defendant has not challenged the authenticity of these exhibits.

    On March 5, 2009, the Court heard closing argument on Defendant's motion to dismiss by telephonic conference call.

Standard of Review

    When considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by, Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  Plaintiff bears the burden of establishing by a preponderance of the evidence the facts sufficient to invoke the Court's

jurisdiction. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citation omitted). In determining whether Plaintiff has met this burden, the Court may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." Lechliter v. United States, 70 Fed. Cl. 536, 543 (2006) (quoting Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)). This Court will dismiss for lack of subject matter jurisdiction only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Frymire v. United States, 51 Fed. Cl. 450, 454 (2002) (quotations omitted). In the present case, Plaintiff and Defendant have submitted documents in support of their pleadings. The parties have also provided the Court with joint stipulations of fact upon which they both agree. The Court refers to these materials "to the extent that they allow the court to determine whether it has jurisdiction over this case." Lechliter, 70 Fed. Cl. at 543.

## Discussion

The Indian Tucker Act grants the Court of Federal Claims jurisdiction over claims brought by American Indian tribes against the United States "which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group." 28 U.S.C. § 1505 (2006). This statute, however, does not create any substantive rights enforceable against the United States for money damages. Yankton Sioux Tribe v. United States, 84 Fed. Cl. 225, 228 (2008) (citing United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)). A plaintiff coming before this Court, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States. Id. (citations omitted); see also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). In Indian trust claims, this substantive right may derive from statutes and regulations which establish the Government's trust relationship with Indian tribes. Yankton Sioux Tribe, 84 Fed. Cl. at 228 (citing United States v. Mitchell, 463 U.S. 206, 226 (1983)).

Even where a plaintiff asserts a substantive right for damages, Section 1500 limits the Court's jurisdiction in certain circumstances where a plaintiff has filed the same complaint in another court. See 28 U.S.C. § 1500. Under Section 1500, the Court of Federal Claims may not exercise jurisdiction over:

> . . . any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Id.

In order to determine whether Section 1500 applies, the Court must first assess whether Plaintiff has "pending in any other court any suit or process against the United States . . . ." Breneman v. United States, 57 Fed. Cl. 571, 575 (2003), aff'd, No. 03-5156, 2004 WL 1153329 (Fed. Cir. May 10, 2004), cert. denied, 543 U.S. 1021 (2004) (quoting § 1500); see also Keene Corp. v. United States, 508 U.S. 200, 206-07 (1993). If a claim is pending for purposes of Section 1500, the Court must then evaluate whether the two claims arise out of the same operative facts and seek the same relief. See Harbuck v. United States, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004) (en banc), rehearing denied, (2004); E. Shawnee Tribe of Ok. v. United States, 82 Fed. Cl. 322, 326 (2008) (on appeal) (citation and quotation omitted); Murtagh Cooke v. United States, 77 Fed. Cl. 173, 175 (2007) (citing Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1550-51 (Fed. Cir. 1994)). The Court of Federal Claims lacks jurisdiction to hear the claim before it only if both of these conditions are met. See Harbuck, 378 F.3d at 1328-29; E. Shawnee Tribe, 82 Fed. Cl. at 326.

### A. The Meaning of "Pending"

Section 1500 deprives the Court of Federal Claims of jurisdiction over "any claim for or in respect to which the plaintiff . . . *has pending* in any other court . . . against the United States . . . ." 28 U.S.C. § 1500 (emphasis added). Whether a claim is pending "is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." Harbuck, 378 F.3d at 1328 (quoting Loveladies, 27 F.3d at 1548); see also Nez Perce Tribe v. United States, 83 Fed. Cl. 186, 189 (2008) (quoting Keene Corp., 508 U.S. at 207). Defendant argues that a complaint filed in federal district court on the same day as a complaint filed in the Court of Federal Claims is *per se* "pending" as a matter of law, and therefore Section 1500 divests this Court of jurisdiction over Plaintiff's COFC Complaint. Plaintiff opposes this *per se* rule and contends that a court must conduct a factual inquiry into the sequence of filing to determine whether the District Court Complaint is "pending" within the meaning of Section 1500. Based on the language of Section 1500, its purpose, and relevant case law, the Court concludes that time of filing is dispositive to the pending issue.

#### 1. History, purpose, and text of Section 1500

Section 1500 originates from the Reconstruction Era, when Southern cotton planters sued the United States in the former Court of Claims to recover the value of property seized during the Civil War. Keene, 508 U.S. at 206-07; Harbuck, 378 F.3d at 1328; Nez Perce Tribe, 83 Fed. Cl. at 189. When these claimants could not meet the statutory condition that they must not have given aid or comfort to the Confederacy, they began to sue federal officials, rather than the United States, in other federal courts. Keene, 508 U.S. at 206. Congress sought to limit these duplicative lawsuits by passing a statute in 1868 which prohibited anyone from filing or prosecuting in the Court of Claims "any claim . . . for or in respect to which he . . . shall have commenced and has pending" an action in any other court against a United States officer or agent. Id. (quotation omitted). The purpose of the statute

was to "force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court" and "protect the United States from having to defend two lawsuits over the same matter simultaneously." United States v. County of Cook, Ill., 170 F.3d 1084, 1090 (Fed. Cir. 1999) (quotation omitted); see also Loveladies, 27 F.3d at 1550 (quoting Johns-Mansville Corp. v. United States, 855 F.2d 1556, 1564 (Fed. Cir. 1988)); Passamaquoddy Tribe v. United States, 82 Fed. Cl. 256, 268 (2008) (on appeal) (quotation omitted). Congress revised the statute over the years with only minor changes, and it currently states that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person . . . acting or professing to act . . . under authority of the United States." 28 U.S.C. § 1500. The "shall have commenced" language has been omitted, but the "has pending" text remains. Nez Perce Tribe, 83 Fed. Cl. at 189; see also Passamaquoddy Tribe, 82 Fed. Cl. at 262 (citations omitted).

Defendant argues that the plain language of Section 1500 indicates that "this Court's jurisdiction over claims is mutually-exclusive of all situations in which a plaintiff carries on a lawsuit in another court on overlapping claims." (Def.'s Reply Brief at 8). According to Defendant, by interposing the word "not," Section 1500 suggests that this Court may *not* possess jurisdiction over claims at the time the plaintiff brings suit against the defendant in another case. Id. at 9 (emphasis in original). In support of this proposition, Defendant asserts that whether a pending lawsuit became pending in the past is irrelevant because the phrase "have jurisdiction" is a present tense verb. Id. By contrast, Plaintiff contends that the verb "has pending" is a present participle, which "indicates action that was started in the past and has recently been completed or is continuing up to the present time." (Pl.'s Resp. Brief at 11).

The Court notes that the language of Section 1500 is far from plain. However, the language and structure of the statute favor requiring a factual determination of the order in which two claims are filed. In Nez Perce Tribe, Judge Lettow explained that the words "has pending" constitute a present participle which "convey[s] the same meaning" as the present perfect tense and "indicates action that was started in the past and has recently been completed or is continuing up to the present time." 83 Fed. Cl. at 189 (quoting William A. Sabin, The Gregg Reference Manual, §§ 1033-34, at 272-73 (10th ed. 2005)). This interpretation is consistent with Keene, in which the Supreme Court held that Section 1500 presented a jurisdictional bar to a "claim of a plaintiff who, *upon filing*, has an action pending in any other court . . . ." 508 U.S. at 209 (emphasis added). Accordingly, the text and grammatical structure of Section 1500 indicate Congress's intent to make time of filing dispositive on whether a claim is "pending" in another court. See Nez Perce Tribe, 83 Fed. Cl. at 189.

   2. Background case law

No binding case law addresses the jurisdictional effect of the time of filing on complaints filed on the same day in the Court of Federal Claims and federal district court. Indeed, Section 1500 case law has a convoluted history as it relates to later-filed suits in other courts. Passamaquoddy Tribe, 82 Fed. Cl. at 263. In various decisions, the former Court of Claims held that Section 1500 barred the Court's jurisdiction over later-filed actions in other federal courts. See Maguire Indus. v. United States, 86 F. Supp. 905, 907 (Ct. Cl. 1949), cert. denied, 340 U.S. 809 (1950), abrogated by, Young v. United States, 60 Fed. Cl. 418 (2004); Hobbs v. United States, 168 Ct. Cl. 646, 646 (1949), abrogation recognized by, Passamaquoddy, 82 Fed. Cl. 256 (2008). The Court of Claims also read the phrase "has pending" broadly enough to include same-day filings but without discussion of the sequence of filing on the day in question. See British Am. Tobacco Co. v. United States, 89 Ct. Cl. 438, 438 (1939); Nat'l Cored Forgings Co. v. United States, 132 F. Supp. 454, 459 (Ct. Cl. 1955).

In Tecon Engineers, Inc. v. United States, the Court of Claims revisited the issue of suits filed later in other courts. 343 F.2d 943, 949 (Ct. Cl. 1965), cert. denied, 382 U.S. 976 (1966), overruled by, UNR Indus., Inc. v. United States, 962 F.2d 1013 (Fed. Cir. 1992). The Court created an exception to the language of Section 1500 and held that the statute did *not* eliminate the Court's jurisdiction over a claim where a plaintiff subsequently filed the same claim in federal district court. See id. (emphasis added). It concluded that "the only reasonable interpretation of [Section 1500] is that it serves to deprive this court of jurisdiction of any claim for or in respect to which plaintiff has pending in any other court any suit against the United States, *only* when the suit shall have been commenced in the other court *before* the claim was filed in this court." Id. (emphasis added). Furthermore, the Court of Claims distinguished its holding from cases in which the plaintiff filed suit in federal district court "simultaneous with" the filing in the Court of Claims, including those involving same-day filings. Id. at 950 n.4.

However, in UNR Industries, Inc., the Federal Circuit, sitting *en banc*, overruled Tecon in an effort to eliminate what it viewed as cumbersome "judicially created exceptions and rationalizations" to Section 1500. See 962 F.2d at 1021, affirmed by, Keene, 508 U.S. 200 (1993). The Court held that Section 1500 precluded jurisdiction over the same claim pending in another court at the time a complaint was filed with the Court of Claims. Id. at 1021. In Keene, the Supreme Court affirmed UNR's ultimate disposition but found it "unnecessary to consider, much less repudiate, the 'judicially created exceptions' to § 1500 found in Tecon Engineers . . . ." 508 U.S. at 216. It went on to adopt the principle that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." Id. at 207 (quotation and citations omitted). In other words, Section 1500's applicability depends on whether another claim had been filed in another court at the time the complaint in this court was filed. Id.

In the aftermath of Keene, the Federal Circuit acknowledged that its previous overruling of Tecon in UNR "was mere *dictum*, and therefore we will not accord it *stare decisis* effect." Loveladies, 27 F.3d at 1549 (emphasis in original). In Hardwick Bros. Co. II v. United States, the Court declared that "Tecon Engineers remains good law and binding on this court." 72 F.3d 883, 886 (Fed. Cir. 1995) (citations omitted). However, Loveladies and Hardwick did not address whether the Tecon exception applied to same-day filings.

### 3. Current Court of Federal Claims split

The lack of clarity in case law surrounding the meaning of "pending" under Section 1500 has left the Court of Federal Claims divided among two camps. The majority view recognizes as dispositive the sequence of the two complaints' filings. The minority view, announced in Passamaquoddy Tribe, adopts a *per se* rule that a district court complaint filed the same day is pending regardless of time of filing. This Court concludes that the majority view upholds the purpose and text of the statute.

The majority view draws its origins from Breneman, in which property owners sued the United States for a physical taking in district court and the Court of Federal Claims on the same day. 57 Fed. Cl. at 574. After reviewing Tecon and its progeny, the Court concluded that the plaintiff should be entitled to the benefit of the Tecon rule and held the time of filing to be dispositive as to the issue of whether a "pending" claim existed. Id. at 577. In so doing, Breneman rejected the defendant's reliance on County of Cook for the proposition that same day filings should be treated as "simultaneous" for the purposes of Section 1500. See id. at 577. County of Cook involved several claims filed in district court, some of which were transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 (2006) ("Section 1631"), and some of which remained in district court. 170 F.3d at 1090. Section 1631 states that, upon transfer, "the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred *on the date upon which it was actually filed* in . . . the court from which it is transferred." 28 U.S.C. § 1631 (emphasis added). County of Cook considered the claims transferred to the Court of Federal Claims as filed simultaneously with those in district court pursuant to Section 1631. 170 F.3d at 1090. It therefore concluded that the filing of the same claim simultaneously in district court and the Court of Federal Claims by operation of Section 1631 deprived the Court of Federal Claims of jurisdiction. Id. at 1091. After rejecting the County of Cook comparison, the Court in Breneman examined affidavits submitted by the plaintiffs and determined that the plaintiffs had filed their complaint in the Court of Federal Claims first. 57 Fed. Cl. at 577.

Three subsequent tribal trust accounting cases have followed Breneman and deemed the sequence of filing dispositive in determining whether a district court complaint filed the same day was "pending" under Section 1500. See Ak-Chin Indian Comty. v. United States, 80 Fed. Cl. 305, 313 (2008) (finding the time of filing dispositive as to whether another claim is pending for purposes of Section 1500 and concluding, based on a preponderance of the evidence submitted at an evidentiary hearing, that the plaintiff filed the complaint in federal

district court later in time); Salt River Pima-Maricopa Indian Comty. v. United States, No. 06-943L, 2008 WL 1883170, at *5 (Fed. Cl. Apr. 24, 2008) (concluding that the plaintiff's district court complaint filed the same day was not pending after weighing documentary evidence submitted by the parties along with their Section 1500 briefs as well as testimony from an evidentiary hearing); Nez Perce, 83 Fed. Cl. at 191, 193-94 (rejecting the defendant's dependence on County of Cook because the complaints at issue were not filed simultaneously through Section 1631 and ruling that the time of filing held jurisdictional significance).

By contrast, in Passamaquoddy Tribe, the Court held that a complaint filed the same day in district court was *per se* pending for the purposes of Section 1500, rendering the sequence-of-filing irrelevant. 82 Fed. Cl. at 268. In support of this decision, the Court cited the "precedential background" of British American, National Cored Forgings, Hobbs, and Tecon. Id. However, British American and National Cored Forgings both represent Court of Claims decisions in which the court dismissed claims that had been filed on the same day in federal district court without any discussion of whether the sequence of filing was dispositive. See British Am., 89 Ct. Cl. at 438; Nat'l Cored Forgings, 132 F. Supp. at 458-59. Hobbs did not involve same-day-filed claims; rather, the plaintiff filed a claim in the Court of Federal Claims several months after an administrative agency denied the claim, and the following day, he appealed the agency's decision to the Fifth Circuit. 168 Ct. Cl. at 646. The Court in Passamaquoddy Tribe relied heavily on County of Cook and a line of cases involving claims transferred to the Court of Federal Claims pursuant to Section 1631. 82 Fed. Cl. at 268-69. The Court rejected the ruling in Breneman that County of Cook was "limited to [Section] 1631 scenarios where the [Section] 1500 bar would be triggered by strictly, 'truly' simultaneous scenarios" and held instead that County of Cook applied to *all* same-day filings in district court. Id. at 270-71 (quoting Breneman, 577 Fed. Cl. at 577). In the Court's view, "there is no indication that [Section 1500's] phraseology refers to 'the time of day of same-day filings,' rather than the date the claims were filed or deemed filed." Id. at 270 (quotations and citations omitted).

The Court here adopts the majority view. Tecon recognized the importance of time of filing, and the Federal Circuit has made clear that it "remains good law and binding on this [circuit]." Hardwick Bros. Co. II, 72 F.3d at 886. This rule also comports with the Supreme Court's decision in Keene that jurisdiction must be determined at the time a claim is filed. 508 U.S. at 207. Furthermore, this Court agrees that County of Cook and cases transferred pursuant to Section 1631 have no bearing on those filed originally in the Court of Federal Claims. Jurisdictional statutes "must be construed with strict fidelity to their terms." Boston Edison Co. v. United States, 64 Fed. Cl. 167, 176 (2005) (quoting Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995)). Section 1631 states that a transferred case "shall proceed as if it had been filed in . . . the court to which it is transferred *on the date upon which it was actually filed* . . . ." 28 U.S.C. § 1631 (emphasis added). Section 1500, on the other hand, applies to any claim "the plaintiff . . . *has pending* in any other court" and

-10-

is silent on the relevance of date or time of filing. 28 U.S.C. § 1500 (emphasis added). The two statutes do not contain overlapping language, and there is no indication that Congress intended "pending," as referenced in Section 1500, to correspond to the "date" of filing, as used in Section 1631. Accordingly, the Court concludes that whether a district court claim filed on the same day is pending within the meaning of Section 1500 is an evidentiary issue to be resolved by determining which complaint Plaintiff filed first.

### B.  Time of Filing of the COFC and District Court Complaints

Having found that the sequence of filing is relevant to whether a claim is pending under Section 1500, the Court must now resolve the order of filing on December 29, 2006. Plaintiff bears the burden of proving by a preponderance of the evidence that the Court has jurisdiction over its claims. See Reynolds, 846 F.2d at 748. In reviewing a claim for lack of subject matter jurisdiction, the Court must accept as true the undisputed allegations in the complaint and draw all reasonable inferences in favor of Plaintiff. Hamlet, 873 F.2d at 1416. In this case, the Court refers to the parties' joint stipulated facts and other documents the parties submitted along with their briefs to resolve the sequence of filing.

Under RCFC 5(d)(2), a complaint is deemed filed in the Court of Federal Claims by delivering it to (A) the Clerk of the Court or (B) to a judge who agrees to accept it for filing. RCFC 5(d)(2). The Federal Rules of Civil Procedure provide identical means of delivering a complaint to federal district courts. See Fed. R. Civ. P. 5(d)(2) (2009). Plaintiff maintains that it filed its COFC Complaint at 9:01 AM (EST) and its District Court Complaint later that afternoon. The parties agree that Plaintiff's counsel sent a FedEx package to the Court of Federal Claims on December 28, 2006 and that the office of the Clerk of the Court signed for it at 9:01 AM (EST) on December 29, 2006. (J. Stip. ¶¶ 5-7). They also concur that at 10:44 AM (EST),[1] someone by the name of "Triena" contacted Ala Carte Courier Service, Inc., a courier service in Oklahoma City, Oklahoma, regarding a pick-up from Plaintiff's counsel's law firm that would be ready for delivery to "Muskogee Court Clerk, 101 N. 5th St., 918-684-7290 at 1:00." Id. ¶ 8. There is no dispute that this address refers to the office of the Clerk of the Court of the District Court for the District of Oklahoma. According to the parties, A la Carte Courier Service, Inc. then delivered a package from Plaintiff's counsel's office to the Clerk of the Court of the District Court for the District of Oklahoma sometime on December 29, 2006. Id. ¶ 9. The signature of a Clerk's office employee by the name of "J. Brown" on December 29, 2006 confirms receipt. Id.

Plaintiff has submitted exhibits consistent with the Joint Stipulation to which Defendant has not objected. Therefore, the Court must accept allegations drawn from them as true. Hamlet, 873 F.2d at 1416. These exhibits demonstrate that Ms. Hinkle, a Litigation Paralegal at Plaintiff's counsel's office, sent an email confirming that the Court of Federal

---

[1] The Court has converted all times recorded in CST to EST to avoid confusion.

Claims had received the COFC Complaint as of 1:01 PM (EST). (Pl.'s Ex. A). At 5:09 PM (EST), she sent another email confirming that the District Court Complaint had been filed. (Pl.'s Ex. E). Two additional emails from Ms. Hinkle, sent to attorneys at 10:19 AM (EST) and 10:54 AM (EST) respectively, indicate that Plaintiff's counsel was still in the process of preparing the District Court Complaint for filing and had not yet dispatched a courier to the District Court. (Pl.'s Exs. B, C). It is undisputed that traveling by car from Plaintiff's counsel's office to the office of the Clerk of the District Court in Muskogee, Oklahoma takes approximately two hours and fourteen minutes. (Pl.'s Ex. D). This fact suggests that the office of the Clerk of the District Court could not have received the District Court Complaint earlier than 1:08 PM (EST), seven minutes after Ms. Hinkle confirmed the COFC Complaint's filing and four hours and seven minutes after the Clerk of the Court of Federal Claims received it by FedEx.

Defendant does not dispute this chain of events but argues instead that Plaintiff has provided no evidence confirming that the contents of the packages delivered to the Court of Federal Claims and the Eastern District of Oklahoma were indeed the complaints in question. However, Defendant has no personal knowledge of any events suggesting that the contents of the packages were anything other than the complaints in question. The parties have submitted an exhibit along with their Joint Stipulation establishing that the only charges made by Plaintiff's counsel to Plaintiff on December 29, 2006 were fees associated with filing documents at the Court of Federal Claims and the District Court for the Eastern District of Oklahoma. (J. Ex. 7 at 5). Plaintiff's counsel did not charge any other client with filing fees in these two courts on that day. Plaintiff has met its burden of proving by a preponderance of the evidence that it filed its COFC Complaint at 9:01 AM (EST) and its District Court Complaint no earlier than 1:09 PM (EST).

<u>Conclusion</u>

For the reasons stated above, the Court concludes that Plaintiff filed its pleadings first in the Court of Federal Claims, and, therefore, the District Court Complaint does not constitute a pending claim under Section 1500. Thus, the Court need not address Defendant's assertion that Plaintiff's COFC Complaint and District Court Complaint represent the same claim or seek the same relief. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is hereby DENIED. The parties shall file a joint status report within 30 days, on or before April 20, 2009, setting forth a proposed schedule for future proceedings in this case.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge